## 11129

### LIPSCOMB v. JOHNSON *ET AL.*

#### (115 S. E., 753)

1. LANDLORD AND TENANT—CONTRACT HELD TO CREATE RELATION OF SHARE-CROPPER, AND NOT OF TENANT.—Contract recited to between L., employer, and K., cropper, whereby L. agrees to let K. crop for the year on L.'s farm, K. to furnish tools and seed, and L. agreeing that after crop is gathered he will pay K. two-thirds, with provision that all crops belong to L. till all indebtedness to him is paid, made K. a cropper, and not a tenant.

2. LANDLORD AND TENANT—UNDER CROPPING CONTRACT, PRIOR TO DIVISION LANDOWNER HAS TITLE TO AND IS ENTITLED TO POSSESSION OF CROP.—Under cropping contract the landowner prior to division of the crop has title to the crop, and is entitled to possession thereof, notwithstanding the giving of a mortgage thereon by the cropper.

3. APPEAL AND ERROR—THE COURT ON APPEAL CAN NOT DETERMINE THE FACTS.—The Supreme Court on appeal cannot determine the facts, and so not the question of notice on which estoppel of plaintiff was claimed; plaintiff having denied the notice.

Before RICE, J., Cherokee, Spring term, 1922.   Affirmed.

Action by H. S. Lipscomb against R. E. Johnson and another.   From a judgment for plaintiff on appeal from a Magistrate, defendants appeal.

The decree of Judge Rice is as follows:

The above appeal was heard by me at the winter, 1921, term of Court for said County.   The action was a claim and

---

NOTE—On question of sale or mortgage of crops by tenant, see notes 23 L. R. A., 468, and L. R. A. 1917C, 33.

delivery, and involved the possession of a bale of cotton, or rather the right to such possession. The cotton was produced by one Wofford Kirby on the lands of the plaintiff. Defendants took possession of it under a chattel mortgage executed to it by said Kirby. The plaintiff claims that Kirby was a share-cropper, and at the time the cotton was taken possession of by defendant still owed him some money. There was a written contract introduced in evidence between Lipscomb and Kirby, and the Magistrate held that this contract created the relation of landlord and tenant, and gave judgment for the defendants. He did not base his judgment upon the ground above, but, if his construction of the contract is correct, then his judgment should stand, and, if not, then the judgment should be reversed.

The contract in question is somewhat difficult to construe, but I think Lipscomb was right in his construction and the Magistrate erred in his construction of the paper. Kirby agrees to work as a cropper, and a cropper is not a tenant. He agrees to receive as his pay for the work to be done two-thirds of the crop to be made. It is agreed that all crops are to belong to Lipscomb till all indebtedness to him is paid. Kirby puts himself and two other hands in as good and faithful "hands" to the said Lipscomb for the year 1920. There are other points in the contract which might be mentioned, but the above are sufficient, I think, to stamp the relation of master and servant upon the parties. The judgment of the Magistrate, therefore, must be reversed; and it is so ordered.

*Messrs. Dobson & Vassy* for appellants.

*Messrs. Butler & Hall,* for respondents, cite: *Parties were in relation of employer and laborer:* 88 S. C., 373; 8 Enc. Law, 324. *Laborer has no interest in crops until gathered and divided:* 15 S. C., 82; 15 S. C., 548; 20 S. C., 1; 20 S. C., 6; 6 S. C., 207; 52 S. C., 580; 118 S. C., 245; 40 S. C., 511; 70 S. C., 391; 94 S. C., 219; 110 S. C., 487;

52 S. C., 582; 112 S. C., 301; Ann. Cas., 1914B, 144; 1 Hill, 364. *Defendants made no inquiries as to status of parties: 77* S. C., 240.

February 7, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action in claim and delivery for one bale of cotton. The plaintiff claims the bale of cotton because it was made on his place by one Wofford Kirby, a share-cropper. Kirby gave a mortgage on one bale of cotton to the defendants. The defendants claim that Kirby was a tenant merely of Lipscomb, and not a share-cropper. The contract between the plaintiff and Kirby was in writing, and reads:
"South Carolina, Spartanburg County.

"This contract entered into between H. S. Lipscomb, employer, of the first part, and Wofford Kirby, cropper, of the second part, witnesseth: Said Lipscomb agrees to let said Kirby crop on his Blue Branch farm for the year 1920, living where Walter Reynolds lived in 1919, in Cherokee County, and State aforesaid. Said Kirby furnishing stock, tools and seed, said Kirby working a full one-horse crop, and after all crops are cultivated, gathered and put in marketable shape, said Lipscomb agrees to pay said Kirby (2/3) two-thirds.

"It is distinctly understood that all crops belong to said Lipscomb till all indebtedness with him is paid in full. It is further agreed that when in the judgment of said Lipscomb said Kirby is not needed in the crops set off to him he is to work for said Lipscomb at customary price—for farm labor. Said Lipscomb agrees to lay off all terraces in said farm and said Kirby agrees to throw them up and keep them repaired during the year. Said Kirby is to have no kind of vines in cotton and is to furnish his own hampers in gathering. Said Kirby puts himself and two other

hands—in as good and faithful hands to said Lipscomb for the entire year of 1920 in fulfillment of this contract.

"Witness our hands and seals this 20th day of March, 1920.

"[Signed]   H. S. Lipscomb.   [L. S.]
"[Signed]   Wofford Kirby.   [L. S.]

"Witness: C. F. Lowe."

The case was tried before a Magistrate, who gave judgment for the defendants. The plaintiff appealed.

This appeal was heard by Judge Rice, who reversed the Magistrate and gave judgment for the plaintiff on the ground that the contract created the relationship of share-croppers, and, as there had been no division of the crop, the plaintiff had title and is entitled to the possession of the cotton.

The judgment appealed from is entirely satisfactory to this Court. Let the decree of Judge Rice be reported.

The appellant contends that the plaintiff is estopped to deny Kirby's title, inasmuch as he had full notice of the mortgage of the defendants when he made his contract with Kirby. This notice is denied, and this Court has no jurisdiction to determine the facts.

The judgment is affirmed.