15092

POWERS v. WHELESS

(9 S. E. (2d), 129)

November, 1939.

*F. Mildred Huggins,* for appellant,

*Ray W. Humphrey,* for respondent,

May 28, 1940.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

The plaintiff, now respondent, brought this action in the magistrate's Court, against appellant, for property damages in the sum of $100.00, resulting from a collision between respondent's automobile and a two-horse wagon, alleged by respondent to have been "driven by an agent, servant, or employee of defendant under express orders of the defendant." Appellant, in his answer, denied respondent's allegations of negligence, set up a plea of contributory negligence, and further denied all allegations of the complaint pertaining to agency between himself and the driver of the two-horse wagon.

At the conclusion of respondent's testimony the appellant made a motion for a nonsuit upon two grounds: first, failure to prove any acts of negligence as alleged in the complaint; and, second, the failure to establish agency between the driver of the wagon and appellant. The magistrate's reasons for refusing appellant's motion for a nonsuit were as stated by the presiding magistrate: "Well, this is like a preliminary so far only one side heard, and we got a good jury here and I am going to let them decide it."

Upon the refusal of the magistrate to grant appellant's motion for nonsuit, appellant proceeded with the introduction of his testimony, and the respondent put up two witnesses in reply, whose testimony was merely cumulative.

The issues were submitted by the magistrate to a jury resulting in a verdict for respondent in the sum of $100.00, the full amount for which action was brought.

Although appellant did not by express language request the trial magistrate to direct a verdict in his favor at the conclusion of the testimony, yet his motion for a nonsuit was brought forward in the record for the entire case to be treated as a motion for a directed verdict.

The appellant appealed to the Court of Common Pleas, which appeal was heard by Honorable J. Strom Thurmond, the then presiding Judge of the Twelfth Judicial Circuit, who remanded the case for a new trial due to the error made by the trial magistrate in charging the jury that if they found for the plaintiff they would have to find the sum of $100.00, and could not find any lesser amount. Judge Thurmond did not directly pass upon the exception embodying the issue of agency but expressed strong doubts as to the sufficiency of the evidence to prove agency.

The appeal is prosecuted in this Court upon exceptions charging error against the two lower Courts in that; first, the failure of the magistrate to grant appellant's motions for a nonsuit and directed verdict because of the insufficiency of the evidence to establish agency; and, second, the refusal of Judge Thurmond, sitting as an appellate Court, to reverse the magistrate in this particular, and order judgment entered for appellant.

It is well established in this State, and in others, that agency cannot be proven by the declarations of the alleged agent alone, but his statements are admissible and competent as circumstances in connection with other competent evidence to prove the legal relationship of principal and agent. See *Broadway v. Jeffers* 185 S. C., 523, 194 S. E., 642, 114 A. L. R., 1244.

The driver of the wagon was a Negro by the name of Boyd Green. According to the respondent, Boyd Green, immediately after the accident, stated that the team belonged to appellant, for whom he worked, and that he had been sent by appellant to haul hay. No further evidence of agency was offered by respondent.

·Boyd Green testified that he sharecropped five acres of tobacco with appellant, and that on the date ·of the accident the wagon he was driving belonged to Mr. Dave Scarborough, but that he, without the knowledge or· consent of appellant, had taken appellant's mules to haul wood for himself. Green further stated he did not remember saying any thing about working for appellant, and that at the time of the accident he was not performing any work for appellant, nor had appellant sent him upon any mission.

Dave Scarborough testified that the wagon belonged to him and had been loaned to Green to haul wood for himself. The appellant denied ownership of a two-horse wagon and said that although Boyd Green worked five acres of tobacco with him, he only furnished the guano, land and stock for the crop and Green was to furnish labor as well as the wood. Appellant further stated that he had not instructed Green to borrow a wagon and had not told Green to haul anything for himself or Green.

We do not find in the ·evidence any facts or circumstances tending to corroborate or support the declarations of agency as construed by respondent and made by Boyd Green immediately after the accident. On the contrary all the facts and circumstances show the relationship of landlord and sharecropper, which is quite different from principal and agent. It is conceivable that a landlord may constitute his sharecropper his agent for certain purposes but the general duties of a sharecropper cannot be so construed as to make a sharecropper the agent generally\of his landlord. Such a holding would open wide the door of agency and would be fraught with danger to landowners who sharecrop their lands. Boyd Green's statement that he worked for appellant could only mean that he worked as a sharecropper, not as an agent.

A sharecropper is nothing more than a laborer or servant of the landlord or master. Appellant could not be liable for the tort of Green unless at the time of the delict Green was performing some act, labor or mission at the request of or

the command of appellant, his landlord or master. The record contains no evidence susceptible of this inference. Therefore, appellant cannot be held liable upon the principle of master and servant.

The trial magistrate should have granted appellant's motion for a nonsuit, and failing in this, for a directed verdict in his behalf for failure of respondent to prove the alleged agency, and Judge Thurmond's expressed doubts as to the sufficiency of the evidence to prove agency should have been resolved in favor of appellant.

Judgment reversed and case remanded, with instructions to enter judgment for appellant.

MR. CHIEF JUSTICE BONHAM and MESSRS. JUSTICES CARTER, FISHBURNE and STUKES concur.