19934

J. W. GREEN COMPANY, Respondent, v.
J. Varnell TURBEVILLE, Appellant

(210 S. E. (2d) 743)

*Messrs. Nash and Chappell,* of Sumter, *for Appellant,*

*Messrs. Levi & Wittenberg,* of Sumter, *for Respondent,*

December 18, 1974.

NESS, Acting Associate Justice.

This is an action on an account for merchandise sold by the respondent to Wayne Green allegedly for the benefit of the appellant under an agreement between the parties.

The facts as to the issues here involved are essentially not controverted. J. W. Green Company, Inc., the respondent, operates a mercantile business, selling farm supplies, etc., in Turbeville, South Carolina.

In 1969, the respondent began supplying farm supplies for one or more of appellant's farms including Shiloh, the farm in issue. Wayne Green, no relation to respondent, in 1969 entered into "a fifty-fifty sharecropping" venture at Shiloh Farm, with appellant furnishing "lands and chemicals," and "(Wayne Green) was to furnish the labor and the equipment and was to harvest it . . .", and each was to receive one-half of the proceeds.

Beginning with that agreement in 1969, Turbeville—appellant advised Wayne Green to purchase such items as he needed for Shiloh Farms, and specifically said J. W. Green, Inc. would be satisfactory. As a consequence Wayne Green made purchases in 1969 from respondent and charged them to appellant's account. In 1970 the parties farmed under the same terms and conditions. The appellant paid the 1969 and the 1970 accounts but failed to pay the accounts for 1971 and 1972, which is the basis of this action. There is a dispute in the testimony as to the arrangement between Wayne Green and the appellant for the years 1971 and 1972; however in view of our decision, and the fact that this case shall be retried, these factors need not be considered.

The first question which we logically consider is the effect of appellant's failure to move for new trial, new trial *nisi,* or judgment N. O. V. Respondent

suggests that as appellant failed to follow such procedural grounds he should not be permitted to pursue this appeal. We disagree. Respondent asserts on page 12 of its brief that there is only one substantial issue, "to wit: Did the Trial Judge commit any prejudicial or reversible error in refusing Appellant's Requests Numbers II., III., and V.? (Exceptions I., III. and IV.)."

The appellant preserved his right to argue against the charge by presenting his requests to charge in a timely manner; the errors of commission in the charge were objected to in a general manner after the completion of the charge, but this generality is not harmful since the error alleged was the failure to charge the requests. Any further motion or exception would have been futile and was unnecessary. *Carter v. Peace,* 229 S. C. 346, 355, 93 S. E. (2d) 113; *Smith v. City of Greenville,* 229 S. C. 252, 92 S. E. (2d) 639.

The sole remaining issue, as stated in respondent's brief, applies to appellants' requests to charge which were refused by the trial court.

The basic dichotomy here is between the relationship of joint venturers, argued by the respondent, and that of landlord and tenant (or servant, or sharecropper) as asserted by the appellant. If the former existed, one venturer could bind the other (unless some other fact showed the contrary). If the latter relationship existed, the appellant contends that the tenant (a term which shall hereinafter include servant and sharecropper) has but limited power to bind the landlord.

There is no question that a sharecropper *may* be either a tenant or a partner, depending on the facts; see Fisher, "Legal Aspects of Farm Tenancy and Sharecropping in South Carolina", 9 S. C. L. Q. 299 (1957).

The sharecropper was more often a tenant in Reconstruction days and probably, dependent upon the facts of the particular case, is more often a joint venturer in the current days of "agri-business". The question here is whether or not there was any evidence of the landlord-tenant-sharecropper relationship which would require that issue to be charged to the jury. We feel that it was and the trial judge was in error in failing to so charge at the request of the appellant. 52A C. J. S., Landlord and Tenant, § 797c, page 327; *Coward v. Barnes,* 232 Ark. 177, 334 S. W. (2d) 894, 82 A. L. R. (2d) 854; *Powers v. Wheless,* 193 S. C. 364, 367, 9 S. E. (2d) 129; 48 C. J. S. Joint Adventures, § 1(5), page 806. In *Stephens v. Stephens,* 213 S. C. 525, 535, 50 S. E. (2d) 577, our Court has distinguished between "joint adventure" and a "partnership". See also *Clark et al. v. Harry,* 182 Va. 410, 29 S. E. (2d) 231; *Hickman v. Melson,* 200 Va. 693, 107 S. E. (2d) 387; *Lipscomb v. Johnson et al.,* 123 S. C. 44, 47, 115 S. E. 753.

It is quite conceivable from the facts and circumstances of this case that the relationship of landlord and sharecropper existed which is quite different from principal and agent or joint venturer. It is, of course, conceivable that a landlord may constitute his sharecropper, his agent for certain purposes, but the general duties of a sharecropper cannot be so construed as to make a sharecropper the agent generally of his landlord. As was stated in the case of *Powers v. Wheless, supra,* "such a holding would open wide the door of agency and would be fraught with danger to landowners who sharecrop their lands."

We do not consider the applicability of the Uniform Partnership Act, Sections 52-1 *et seq.* of the 1962 Code of Laws of South Carolina as respondent at the time of oral argument stated that same was not applicable and was not relied upon.

For the reasons stated and under the peculiar facts and circumstances of this case, we feel that as the appellant has admitted owing to the respondent Three thousand Five hundred One and 75/100ths ($3,501.75) Dollars, that judgment should be entered against the appellant in this amount and that the jury verdict be reversed, and the case remanded to the lower court for a new trial for the alleged remaining balance.

Reversed and remanded.

Moss, C. J., and LEWIS and LITTLEJOHN, JJ., concur.

BUSSEY, J., dissents.

BUSSEY, Justice (dissenting) :

Being of the view that there was no error and that the judgment below should be affirmed, I most respectfully dissent. Essentially it is the contention of the appellant that the agreement between the parties created the relationship of master and servant between Turbeville and Wayne Green and such contention is predicated on nothing more, as I see it, than that the agreement between the parties provided in part that the proceeds of the crop were to be shared equally by the parties after the crops were harvested and sold by Green.

It is, of course, true that many sharecropping agreements do create the relationship of master and servant. Seemingly the parent case in South Carolina holding that the relationship of master and servant arose out of a sharecropping is *Huff v. Watkins,* 15 S. C. 82 (1880). The statement of the case there showed the agreement between the parties to be as follows:

" 'About the first of January, 1879, the plaintiff contracted with Jordan Butler and other persons to work his

land during the year. The plaintiff was to furnish the land, stock and farming implements, and to feed the stock, and to have the entire control of their time and services, and they to have therefor one-half of the crop that remained, after first deducting one bale of cotton, twenty bushels of corn and two hundred bundles of fodder to each horse; and that in consideration therefor *they were to work under his exclusive direction and control from sun to sun, and do all things necessary for making and gathering a crop;* also, that, in consideration that Jordan Butler agreed to assist the plaintiff in securing laborers and to take the lead in the work, the plaintiff agreed to pay him one bale of cotton extra.' " (Emphasis added.)

Quite contrary to the facts in *Huff v. Watkins,* here Green was an independent farmer, farming some 600-800 acres of land, Shiloh Farm being only one of several farms worked by him. Under his agreement with Turbeville on the Shiloh Farm he furnished the labor and equipment and inferentially of course the maintenance and fuel therefor; he was to harvest the crops, sell them and give Turbeville one-half of the proceeds. I fail to find any evidence in the record from which an inference could be drawn that under the arrangement between the parties Turbeville exercised or had the right to exercise any control whatsoever over the manner and means by which Green performed his part of the contract, and in the absence of such, an essential element of the relationship master and servant is simply lacking.

As I understand it Mr. Justice Ness would reverse because the trial judge declined to charge appellant's request to charge number 2 which read as follows:

"I charge you that the relationship of a land owner and his sharecropper is that of landlord and servant. A sharecropper is nothing more than a laborer or servant of the landlord, regardless of the number of acres sharecropped."

Even if there were any evidence from which an inference could be drawn that the relationship between the parties here was that of master and servant, appellant would not have been entitled to the requested charge for two reasons. First and foremost it did not purport to submit to the jury the issue of whether such a relationship existed but rather to charge the jury that such was in fact the relationship in this case and hence it was a charge upon the facts in violation of Article V, Section 17 of the Constitution. In the second place such request does not contain a sound or complete statement of the applicable law, although admittedly it does include, verbatim, a broad statement taken from the opinion of this Court in *Powers v. Wheless,* 193 S. C. 364, 9 S. E. (2d) 129. The *Powers* case is completely distinguishable upon the facts, and the issues involved and certainly the court never intended to hold that the relationship of master and servant existed in all cases merely because a part of the agreement involved sharing the crops or the proceeds thereof.

It is the settled law of this State that unless propositions submitted as a whole in requests to charge, are wholly correct, it is not the duty of the trial judge to charge them or any part of them. See numerous cases collected in West's South Carolina Digest, Trial, Key No. 261.