[Civ. No. 2064.   Second Appellate District, Division Two.—January 30, 1919.]

H. J. MOORE et al., Partners, etc., Respondents, v. COOKS, WAITERS & WAITRESSES' UNION No. 402 et al., Appellants.

TRADE UNIONS—PICKETING—ILLEGAL INTERFERENCE WITH PLAINTIFFS' RIGHTS—PRIVATE NUISANCE.—The picketing of the restaurant of the defendants by members of a trade union as a means of maintaining a boycott to induce the plaintiffs to unionize their restaurant is an illegal interference with plaintiffs' rights, and, as to them, a private nuisance.

ID.—INJUNCTION—PEACEFUL PICKETING.—There can be no such thing as "peaceful picketing" and members of a labor organization have no

right to maintain a "peaceful picketing" in front of plaintiffs' place of business so that all members and friends of labor unions may know that plaintiffs are operating their business in a manner believed by organized labor to be unfair, and a court acts within its jurisdiction in granting an injunction to restrain such action.

APPEAL from a judgment of the Superior Court of San Diego County.  W. A. Sloane, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Henning & McGee for Appellants.

Hoff & Chatterson for Respondents.

THOMAS, J.—This is an appeal from a judgment of the superior court of San Diego County to enjoin the defendants from picketing the place of business of the plaintiffs.  There is no question as to the facts of the case.  The appeal is upon the judgment-roll alone.  The matter comes to this court squarely upon the law.

It was admitted by the defendants upon the trial, and the court found, that the defendant unions established a picket of plaintiffs' business and maintained a picket patrol in front of their restaurant from the twenty-fifth day of February, 1915, until the service of the restraining order in this case on December 7, 1915.  The picketing, as the court found, was, in the language of the findings, as follows: "That the said defendant unions did thereupon establish a boycott of the plaintiffs' business, and place a picket patrol in front of plaintiffs' said place of business on or about the twenty-fifth day of February, 1915, during certain hours of each day, until the service of the restraining order in this action, to wit, on December 7, 1915.  That said picket, from the twenty-fifth day of February, 1915, until early in October, 1915, wore a badge consisting of a white ribbon with the word 'Picket' printed in large black letters, and after said . . . day of October, the letters were discarded and the badge consisted simply of a plain white ribbon pinned upon her clothing at or near her shoulder and running across her breast; and that at all time said picketing was maintained under conditions of publicity and public notoriety calculated and intended to give notice and did give notice to persons passing said place of

business or intending to patronize the same, that said place of business was under boycott, and that its patronage was opposed by organized labor. That there was but one picket at a time, and the patrol was changed twice, the second picket being a man during one day, and the other two pickets being women. That said picket patrol was maintained practically continuously from the said twenty-fifth day of February until the seventh day of December, there being an interruption of but two or three days during that time, and was maintained at the noon hours between 11 and 2 o'clock in the day, and between 5 and 7 in the evening, which were the hours of the day when the greatest number of meals were served by the plaintiffs to their customers.''

Ours is not a government of liberty under license, but under law. We have the right to do as we please only so long and so far as our so doing does not interfere with the rights of others. When we level up the ravines of low impulses, humble the mountains of pride, straighten the crooked places of deceit, and smooth the rough places of anger and malice and all uncharitableness, it will become so obvious that the conceded acts of defendants were an illegal interference of plaintiffs' rights, that it needs no argument to convince any God fearing, liberty loving, home defending, and humanity helping individual in this enlightened day of that fact. Such conduct, as disclosed by the record here, we think not only constituted an illegal interference with plaintiffs' rights, but became, and was, as to them, a private nuisance.

The fact that the purpose for which the defendants maintained pickets, as was done here, viz., to induce plaintiffs to unionize said restaurant by compelling the women employees to pay their dues to said union, and to discharge the nonunion cook and employ a union cook in his place, does not justify maintaining a patrol in front of plaintiffs' premises as a means of carrying out their scheme, which is nothing short of a conspiracy—as the court found the fact in the case at bar to be. The admitted facts in the case, we think, disclose ''a combination to do injurious acts expressly directed to another by way of intimidation or constraint, either of himself or of persons employed or seeking to be employed by him,'' and ''is outside of an allowable combination, and is unlawful (*Vegelahn* v. *Guntner*, 167 Mass. 92, [57 Am. St. Rep. 443, 35 L. R. A. 722, 44 N. E. 1077]), and against such ''the law will

protect the victim and punish the movers of any such com-
bination." (*Crump* v. *Commonwealth,* 84 Va. 927, [10 Am.
St. Rep. 895, 6 S. E. 620].)   We yield to no court or in-
dividual in claiming for and defending to the utmost all the
legal rights of trades unions and organized labor generally,
but "there is no sanctity in any of these that elevates them
above the law, or which confers upon them, or any of them,
rights not enjoyed by any other individual or association."
(*Pierce* v. *Stablemen's Union,* 156 Cal. 70, [103 Pac. 324].)
Justice is not, and cannot be, justice if weighed in unequal
balances.   The test is not how members of the union act
toward one another, but rather, how do they act toward the
nonunion man.

Peaceful picketing!   There is no such thing, if the term is
intended to apply to the facts as they are shown to be by the
record in the case at bar.   We are in full accord with the
doctrine enunciated in the case of *Atchison etc. Ry. Co.* v.
*Gee,* 139 Fed. 582, where it is held that "there is, and can be,
no such thing as peaceful picketing, any more than there can
be chaste vulgarity, or peaceful mobbing, or lawful lynching."
After an exhaustive examination of the decisions of this and
other jurisdictions, we are of the opinion that the doctrine laid
down by the appellate tribunals of this state is supported by
the weight of authority throughout the union, but, regardless
of that fact, the point involved in this case has been so often
decided, and that adversely to the contentions of appellants
here—as is evidenced by the following decisions: *Goldberg-
Bowen & Co.* v. *Stablemen's Union,* 149 Cal. 429, [117 Am. St.
Rep. 145, 9 Ann. Cas. 1219, 8 L. R. A. (N. S.) 460, 86 Pac.
806] ; *Parkinson* v. *Building Trades Council,* 154 Cal. 581, [21
L. R. A. (N. S.) 550, 98 Pac. 1027] ; *Pearce* v. *Stablemen's
Union, supra; Berger* v. *Superior Court,* 175 Cal. 719, [167
Pac. 143]—that it would be useless to cite further authorities.
In the Berger case the supreme court supported the same
doctrine, but refused to support the conclusion of the trial
court adjudging the petitioner therein guilty of contempt,
when the record did not disclose anywhere "that the person
charged is one of the persons or classes enjoined, or acting as
the agent or servant of, or in combination with them, but only
that he had actual knowledge of the terms of the injunction
by reason of the service of a copy thereof upon him."   That
this is a correct statement of the law we think is not debatable.

The court further found "That during the time of said picketing the said pickets patrolled the sidewalk in front of the plaintiffs' place of business the entire width of the restaurant, and near the outer edge of the said sidewalk," and as a conclusion of law held that "the picketing of the plaintiffs' place of business, with instructions to walk up and down the pavement in front thereof, and the patrol of said picket in accordance with said instructions upon the sidewalk in front of plaintiffs' place of business, was and is unlawful, illegal and a trespass and illegal injury to the property rights of the plaintiffs, and were an illegal restraint of trade."

From what has been said here, it follows that, as appellants contend, "the only question involved in the present appeal is the right of organized labor to maintain a 'peaceful picketing' in front of plaintiffs' place of business, so that all members and friends of labor unions may know that plaintiffs are operating their business in a manner that organized labor believe to be 'unfair.'" The entire contention of defendants here is that they have a legal right so to do. We are convinced, from an examination of the record presented to us, that under the law they have no such right, and that the court acted within its jurisdiction in granting the injunction herein.

Judgment affirmed.

Finlayson, P. J., and Sloane, J., concurred.