GUSTAFSON v. FRED WOLFERMAN, Inc.

No. 3438.

District Court, W. D. Missouri, W. D.

Aug. 30, 1945.

504

Henry A. Riederer, of Kansas City, Mo., for plaintiff.

Caldwell, Downing, Noble & Garrity, of Kansas City, Mo., for defendant.

RIDGE, District Judge.

Defendant has filed a Motion to Dismiss this action. Said Motion challenging, as it does, the jurisdiction of the Court over this action, should be considered prior to a ruling on Plaintiff's Motion to Produce, although said latter Motion was previously filed herein.

The Petition herein alleges that the Defendant is engaged "in the business of producing and manufacturing candy, salads, ice cream and other foods and foodstuff for use, shipment and consumption in the States of Missouri, Kansas, Oklahoma and other states, and as such was at all times herein mentioned, engaged in commerce and production of goods for commerce between the several states"; that Plaintiff brings this action "on behalf of herself and others similarly situated who have been and are engaged and employed by the Defendant in the preparation, manufacture and production of various items of edible goods, and that the Plaintiff and such other employees were, at all times herein mentioned, employed and engaged as such in an occupation, and were performing duties directly and proximately connected and associated with and affecting interstate commerce, and the production of goods for commerce." The foregoing are the only allegations contained in the Petition concerning the nature of services performed by Plaintiff while in the employ of the Defendant, except a statement in Paragraph 5 thereof, that "she and such other employees were engaged and employed as above described."

This action is instituted under the Fair Labor Standards Act, Title 29, § 216, U.S.C.A.; hence, jurisdiction of this Court is dependent upon the provisions of Section 41(8) of Title 28 U.S.C.A. The Motion to Dismiss challenges the jurisdiction of the Court under the latter-mentioned section of the Judicial Code, for the reason that the Petition "fails to state facts sufficient to show that Plaintiff was engaged in interstate commerce or in the production of goods for interstate commerce."

■ "The established rule is that a plaintiff, suing in a federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." Smith v. McCullough, 270 U.S. 456–459, 46 S.Ct. 338, 339, 70 L.Ed. 682; Gates v. Graham Ice Cream Co., D.C., 31 F.Supp. 854.

■ In an action by an employee, seeking to recover overtime compensation and

liquidated damages under the Fair Labor Standards Act, the employee must plead and prove that in the course of performing her services for the employer and, without regard to the nature of the employer's business, that she, as an employee, was engaged in the production of goods within the meaning of the Act, and that such production was for interstate commerce. Warren-Bradshaw Drilling Co. v. Hall, 317 U.S. 88, 63 S.Ct. 125, 87 L.Ed. 83. Rule 8(a) (1), Rules of Civil Procedure, 28 U.S.C.A. following section 723c, requires that a pleading must contain "a short and plain statement of the grounds upon which the court's jurisdiction depends."

When the above averments, contained in the Petition in this cause, are gauged by the requirements of allegations essential to the statement of a cause of action under the Fair Labor Standards Act and the command contained in Rule 8(a) (1) supra, it is readily observed that the Petition herein does not state a cause of action or allege any facts showing jurisdiction in this Court to entertain this cause. True, the Petition does allege that jurisdiction is vested in this Court, pursuant to the provisions of Section 41(8) of Title 28 U.S.C.A., but such allegation is a legal conclusion on the part of the pleader and one which the Court must determine from the facts alleged in the Petition. No facts are alleged in the Petition, showing that the Plaintiff was engaged in the production of goods within the meaning of the Fair Labor Standards Act, and that such production of goods was for interstate commerce. To state a cause of action Plaintiff should allege facts in her Petition showing the nature of her duties under her contract of employment with Defendant, and how such duties were related either to the production, handling or working on goods that were produced for interstate commerce, or other facts giving rise to a cause of action under the Fair Labor Standards Act. The statements contained in the instant Petition, relating to such subjects, are mere conclusions on the part of the Pleader.

In Walling v. Fred Wolferman, Inc., D.C., 54 F.Supp. 917, Judge Otis, in a most thorough and exhaustive opinion, had occasion to consider the interstate character of Defendant's business in relation to the Fair Labor Standards Act. The opinion of Judge Otis in the Walling case is a record of this Court. The Court takes judicial notice thereof and of the issues that were adjudicated in that action. In so doing, the Court finds justification for placing exact calipers on the statements contained in the instant Petition, and requiring Plaintiff to aver facts from which it can be determined, without strained intendment, that Plaintiff has a cause of action against Defendant under the Fair Labor Standards Act, of which this Court has jurisdiction.

Therefore, if Plaintiff, within ten (10) days amends her Petition, in accordance with the views herein expressed, Defendant's Motion to Dismiss will be overruled; otherwise, said Motion to Dismiss is hereby sustained.