PENNSYLVANIA GREYHOUND LINES, Inc., v. AMALGAMATED ASS'N OF STREET ELECTRIC RAILWAY & MOTOR COACH EMPLOYEES OF AMERICA, DIVISION 1063, et al.

Civ. A. No. 9728.

United States District Court
W. D. Pennsylvania.

June 10, 1952.

Samuel W. Pringle, Dalzell, McFall, Pringle & Bredin, Pittsburgh, Pa., Theodore Voorhees, Barnes, Dechert, Price, Myers & Clark, Philadelphia, Pa., for plaintiff.

Jason Richardson, Frank R. Bolte, Pittsburgh, Pa., for defendants.

STEWART, District Judge.

Plaintiff, Pennsylvania Greyhound Lines, Incorporated, a Delaware Corporation, hereinafter called the "company", instituted an action in this Court on July 19, 1951 against the Amalgamated Association of Street Electric Railway and Motor Coach Employees of America, Division 1063, hereinafter called the "union", and also against several individually named members of that union, claiming damages arising out of a "wildcat" strike and asking for an injunction against future unlawful work stoppages. Defendants moved the court, previous to the date set for the taking of depositions by plaintiffs, to stay the proceedings in accordance with the provisions of the United States Arbitration Act of July 30, 1947, c. 392, Section 1, 61 Stat. 669, 9 U.S.C. § 3, and to dismiss the complaint. The Court, on August 3, 1951, filed an opinion [1] and order granting defendants' motion for stay of the proceedings until arbitration was had in accordance with the terms of the written contract,[2] but denying the motion to dismiss the complaint.

In that opinion this Court held that the controversy was arbitrable and that the case was within the United States Arbitration Act, supra, expressly relying on two decisions [3] of the Court of Appeals for the Third Circuit, which held that the Arbitration Act did not exclude contracts of employment involving interstate commerce. Subsequent to this Court's order staying proceedings in the instant case, the Third Circuit, confronted once again [4] with the

---

1. W.D.Pa.1951, 98 F.Supp. 789.

2. "Article 1
"Sec. 2. All differences, disputes and grievances, other than discipline and discharge cases, hereinafter provided for, between the parties arising out of or by virtue of the within collective labor agreement shall be disposed of in the following manner:

\* \* \* \* \* \*

"In the event any grievance, dispute or difference originates in which the Company regards itself as the aggrieved party, the Company shall take up such matter within thirty (30) days from the occurrence on which such grievance is based, with the Local President in the Division in which such grievance originates. Failing a satisfactory disposition of such grievance within five (5) days from the date of such submission, the matter may be taken up by the duly designated Company representative within the next ensuing ten (10) days with the chairman of the Penn Executive Council of Amalgamated Divisions.

"In the Event no satisfactory adjustment is reached within ten (10) days after such submission, the issue may be submitted for determination to arbitration in the manner hereinabove provided for not later than thirty (30) days thereafter."

3. Watkins v. Hudson Coal Co., 3 Cir., 1945, 151 F.2d 311; Donahue v. Susquehanna Collieries Co., 3 Cir., 1943, 138 F.2d 3.

4. Amalgamated Association of Street Electric Railway and Motor Coach Employees of America, Local Division 1210 v. Pennsylvania Greyhound Lines, Inc., 3 Cir., 1951, 192 F.2d 310.

question of whether the Arbitration Act excluded contracts of employment involving interstate commerce, abandoned its former construction of the statute and held that arbitration of a dispute arising out of a contract of employment of workers in interstate commerce could not be required under the Act. Thus, when the plaintiff appealed from this Court's stay order, the Court of Appeals for the Third Circuit on January 2, 1952, reversed this Court, holding that arbitration could not be required under the Act, and remanded the case for further hearing. See 3 Cir., 1952, 193 F. 2d 327.

Defendants thereupon petitioned this Court to reinstate their motion to dismiss the complaint, urging us to consider the points in support of the original motion not passed upon when the proceedings were stayed. It is on that reinstated motion to dismiss that the matter is now before us.

Four reasons for dismissal are submitted by defendants in their brief: (1) that plaintiff failed to avail itself of the arbitration provisions of the contract; (2) that the complaint fails to aver jurisdiction of this matter in the Federal Court; (3) that the complaint insofar as it pertains to injunctive relief was insufficient; (4) that the complaint fails to state a cause of action.

■ The first contention is correct, but it is not ground for dismissal. Plaintiff failed to avail itself of the arbitration provisions of the contract, believing that the agreement was not meant to extend arbitration to disputes arising after a strike had occurred. Resort to arbitration is not a condition precedent to action in the courts, in the absence of statute, at least where, as here, no arbiter is named in the agreement. Refusal to permit private agreements to thwart the jurisdiction of the courts was jealously asserted not only in the common law of Pennsylvania, as summarized in Commercial Union Co. v. Hocking, 1886,

115 Pa. 407, 8 A. 589, and reiterated in Bashford v. West Miami Land Co., 1928, 295 Pa. 560, 145 A. 678, and in Caruthers v. People's Natural Gas Co., 1944, 155 Pa. Super. 332, 38 A.2d 713,[5] but by the Federal courts in such cases as American Sugar Refining Co. v. The Anaconda, 5 Cir., 1943, 138 F.2d 765, affirmed 1944, 322 U.S. 42, 64 S.Ct. 863, 88 L.Ed. 1117; Haskell v. Mc-Clintic-Marshall Co., 9 Cir., 1923, 289 F. 405; Robert Grace Contracting Co. v. Chesapeake & O. N. R. Co., 6 Cir., 1922, 281 F. 904; and see Gatliff Coal Co. v. Cox, 6 Cir., 1944, 142 F.2d 876, at pages 880, 881. The Restatement of the Law of Contracts, Vol. II, § 550, provides, "Except as stated in § 558, a bargain to arbitrate either an existing or a possible future dispute is not illegal, unless the agreed terms of arbitration are unfair; but will not be specifically enforced, and only nominal damages are recoverable for its breach. *Nor is any bargain to arbitrate a bar to an action on the claim to which the bargain relates.*" (Emphasis added.) And see Illustrations 2, 3 and 4 of § 550, supra.

Secondly, defendants contend that the complaint fails to aver jurisdiction in the Federal Court. If this is true, the complaint fails to meet the requirements of Rule 8(a) of the Rules of Civil Procedure, 28 U.S.C.A., which provides:

"(a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain state ment of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statment of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of

5. The Pennsylvania common law was not changed by the Pennsylvania Arbitration Act of April 25, 1927, P.L. 381, 5 P.S. § 161, as to personal service contracts. Collective bargaining agreements with arbitration clauses therein were held not within the state act in Retail Cigar, Drug & Luncheonette Employees Union, Local 1034, etc. v. Sun Ray Drug Co., 67 D. & O. 512 (1950).

several different types may be demanded."

Thus, unless there has been a sufficient setting out of jurisdiction, the complaint is deficient, and where, as here, there are several causes of action alleged in the complaint as well as several defendants, it becomes necessary to determine which, if any, of the claims must be dismissed as against which of the defendants.

The original jurisdiction of the district courts is set forth in Title 28 U.S.C. § 1331 et seq. The only two of the bases there enumerated which are applicable here are in reference to the existence of a Federal question and to diversity of citizenship.[6] Plaintiff claims that both these bases exist here and are adequately set forth.

■■■ The complaint states that the company is a Delaware corporation and that the individual defendants are each citizens of Pennsylvania. Such allegations sufficiently aver the diversity of citizenship which, together with the allegation of the required jurisdictional amount, gives this Court its authority to hear and determine the cause as between the individual defendants and the company. By Rule 17(b) of the Federal Rules of Civil Procedure, supra, the capacity of the union to be sued is made dependent on the law of this state. And since Pennsylvania's procedural rules permit an unincorporated association to be sued as an entity,[7] an allegation which sets forth the requisite diversity with respect to the union would give the district court power to speak with respect to the union. However, there is no averment of the citizenship of all the members of the union,

all of whom must have a citizenship different from that of the plaintiff if the cause of action against the union based on diversity is to be upheld. See Green v. Gravatt, W.D.Pa.1940, 34 F.Supp. 832, and also Moore's Federal Practice, Vol. 3, § 17.25, pp. 1412–1413, 2nd Ed. (1948) and cases cited therein, which support the proposition that the citizenship of all the members of an unincorporated group must be pleaded so as to show citizenship wholly diverse from the opposing party.

There being no averment of diversity of citizenship as to the union, the complaint is fatally defective as against it, unless there is adequate averment of the other basis for jurisdiction. Nothing in the complaint makes any reference to any Federal law or statute under which the controversy arises, but plaintiff's answer to this omission is that the present rules of pleading do not require particularity other than that which will put the opposite party on notice. Counsel correctly differentiates between the general requirements of the common law rules of pleading and the more liberal, less technical requirements of pleading under our Federal rules, but overlooks the plain wording of Rule 8(a) (1) quoted above which makes mandatory, *in addition* to a short statement of the claim, a separate allegation of the basis of Federal jurisdiction. See Moore's Federal Practice, Vol. II, §§ 8.07(2), 8.09(2), pp. 1625, 1633, (2d Ed.1948).

■■■ Since subdivision (a) of Rule 8 lists three essentials, not alternatively but cumulatively, and since one of those essentials relates to averment of jurisdiction, the words of the United States Supreme Court

---

6. Section 1331 of Title 28 of the United States Code provides:

"The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs, and arises under the Constitution, laws or treaties of the United States. June 25, 1948, c. 646, 62 Stat. 930."

Section 1332 of Title 28 of the United States Code provides:

"(a) The district courts shall have original jurisdiction of all civil actions

where the matter in controversy exceeds the sum or value of $3,000 exclusive of interest and costs, and is between:

"(1) Citizens of different States.

"(2) Citizens of a State, and foreign states or citizens or subjects thereof;

"(3) Citizens of different States and in which foreign states or citizens or subjects thereof are additional parties.

"(b) The word 'States', as used in this section, includes the Territories and the District of Columbia. June 25, 1948, c. 646, 62 Stat. 930."

7. 12 P.S.Appendix, Rule 2153.

in Smith v. McCullough, 1926, 270 U.S. 456, 46 S.Ct. 338, 70 L.Ed. 682, are still pertinent. At page 459 of 270 U.S., at page 339 of 46 S.Ct., 70 L.Ed. 682, that court said:

"The established rule is that a plaintiff, suing in a federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment."

See also Gibbs v. Buck, 1939, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111; Miller v. Brown Shipbuilding Co., 5 Cir., 1948, 165 F. 2d 956; Gustafson v. Fred Wolferman, Inc., W.D.Mo.1945, 6 F.R.D. 503; Gates v. Graham Ice Cream Co., D.Neb.1940, 31 F.Supp. 854. There being, then, no averment of jurisdiction with respect to defendant union, either on the basis of diversity or of a federal question, the complaint must be dismissed as to the union, unless there is an amendment correcting the defect.

 Thirdly, defendants urge dismissal of that portion of the complaint which prays for equitable relief, assigning as a basis for this demand plaintiff's failure to show any right to injunctive relief by its failure to allege irreparable harm, present danger, or inadequate remedy at law. If this were not a labor dispute, these omissions would not be grounds for dismissal. We are bound by the doctrine enunciated by the Court of Appeals for the Third Circuit in the case of Continental Collieries, Inc. v. Shober, 3 Cir., 1942, 130 F.2d 631, requiring for dismissal that it must appear "to a certainty" from the complaint that plaintiff is not entitled to relief, a doctrine further embellished by the same court's opinion in Frederick Hart and Co. v. Recordgraph Corp., 3 Cir., 1948, 169 F.2d 580, holding that no matter how unlikely it may seem that pleader would be able to prove his case, he is entitled, upon averring a claim, to an opportunity to prove it. Further, we have adopted this approach in this Court in Shapiro v. Royal Indemnity Co., W.D.Pa.1951, 100 F.Supp. 801.

We are here, however, confronted by the need to have the complaint meet the rigid requirements set out in the Norris-La Guardia Act, 29 U.S.C. § 101 et seq., for section 113 brings this controversy within its dictates. Wilson and Co. v. Birl, E.D. Pa.1939, 27 F.Supp. 915, affirmed 3 Cir., 1939, 105 F.2d 948. That act made deep inroads into the power of the Federal courts to issue injunctions. See United States v. Hutcheson, 1941, 312 U.S. 219, 234–236, 61 S.Ct. 463, 85 L.Ed. 788; Milk Wagon Drivers' Union v. Lake Valley Farm Products, Inc., 1940, 311 U.S. 91, 101, 102, 61 S.Ct. 122, 85 L.Ed. 63. By section 104 the court is made powerless to enjoin certain lawful activities except when accompanied by fraud or violence; by section 108 the court is forbidden to enjoin even unlawful acts unless complainant has made every reasonable effort, by methods therein named, to settle the dispute. See Brotherhood of Railroad Trainmen v. Toledo, P. & W. R. R., 1944, 321 U.S. 50, 64 S.Ct. 413, 88 L.Ed. 534. Further, by section 107, not only is the court without power to enjoin unlawful behavior without making certain findings specified therein, but its very jurisdiction is predicated upon there being stated in the complaint allegations to the same effect as the findings which the court must make. Wilson v. Dias, E.D.Pa.1947, 72 F.Supp. 198. That section, set out in the margin,[8] does not per-

8. "No court of the United States shall have jurisdiction to issue a temporary or permanent injunction in any case involving or growing out of a labor dispute, as defined in sections 101–115 of this title, except after hearing the testimony of witnesses in open court (with opportunity for cross-examination) *in support of the allegations of a complaint made under oath,* and testimony in opposition thereto, if offered, and except after findings of fact by the court, *to the effect—*

"(a) That unlawful acts have been threatened and will be committed unless restrained or have been committed and will be continued unless restrained, but no injunction or temporary restraining order shall be issued on account of any threat or unlawful act excepting against the person or persons, association, or

mit the court to apply the theory of the Recordgraph case, supra, and give plaintiff a chance to prove his claim without the inclusion of certain specific allegations. In Donnelly Garment Co. v. Dubinsky, 8 Cir., 1946, 154 F.2d 38, at page 42, the court said:

"A Federal District Court is without power to issue an injunction in an action growing out of a labor dispute *in the absence of an allegation by the plaintiff* and a finding by the court, supported by evidence, that local public officers are unable or unwilling to furnish plaintiff adequate protection against the violence or threat of violence against which the injunction is sought". (Emphasis added.)

In that case the other allegations required by Section 107 had been set forth in the complaint, and the court was concerned only with subsection (e). See also International Brotherhood of Teamsters, etc. v. International Union of United Brewery, etc., 9 Cir., 1939, 106 F.2d 871, where the court directed the District Court to permit plaintiffs to amend their pleadings to show, inter alia, facts which would bring the case within the enumerated conditions of section 107. And see Teller, Labor Disputes and Collective Bargaining (1940), Volume I, §§ 216, 220, 221, at pp. 617, 632, 638.

Since the complaint in the instant case does not allege the conditions which section 107 requires to be alleged, that portion of the complaint praying for an injunction must be dismissed, with leave to amend. If such an amendment is made, it will not be

vulnerable to defendants' invocation of the Seventh Amendment of the United States Constitution which guarantees a jury trial, for Rule 18 of the Rules of Civil Procedure permits the joinder of legal and equitable claims, and defendants, under Rule 38, may obtain a jury trial of the legal issues. See Moore's Federal Practice, Volume II, § 2.08, pp. 416–419, 2nd Ed. (1948).

■ As to defendants' last contention, that the complaint fails to state a cause of action, there is merit only insofar as there has been a failure to aver the necessary allegation of jurisdiction. That failure has been discussed in connection with the second contention. The complaint gives ample notice (in paragraph 22) of a claim against the individual defendants, as officers of the union, for breach of contract, and (in paragraph 23) of a claim against them as individuals conspiring to interfere with plaintiff's contract with the union. See the Restatement of Torts, §§ 766, et seq., covering interference with contracts.

If plaintiff within 20 days amends its complaint in accordance with the views herein expressed, defendants' motion to dismiss will be denied. If plaintiff fails to amend to include either an allegation of this Court's jurisdiction arising from a Federal statute or an allegation of the necessary diversity, the complaint will be dismissed as against the defendant union, and if plaintiff fails to amend to include allegations justifying the equitable relief it demands, the portion of the complaint praying for an injunction will be dismissed as against all defendants.

organization making the threat or committing the unlawful act or actually authorizing or ratifying the same after actual knowledge thereof;

"(b) That substantial and irreparable injury to complainant's property will follow;

"(c) That as to each item of relief granted greater injury will be inflicted upon complainant by the denial of relief than will be inflicted upon defendants by the granting of relief;

"(d) That complainant has no adequate remedy at law; and

"(e) That the public officers charged with the duty to protect complainant's property are unable or unwilling to furnish adequate protection." (*Emphasis added.*)