16837

BOWEN v. BRICKLAYERS, MASONS & PLASTERERS'
INTERNATIONAL UNION OF AMERICA *ET AL.*
BANNISTER v. BRICKLAYERS, MASONS & PLASTERERS'
INTERNATIONAL UNION OF AMERICA *ET AL.*
(80 S. E. (2d) 343)

30

*Messrs. John Bolt Culbertson* and *Sol E. Abrams,* of Greenville, *for Appellants,*

*Messrs. Harris & Harris,* of Anderson, *for Respondent,*

February 25, 1954.

PER CURIAM.

The above stated cases involve identical issues and were briefed in this court as one. *Bowen's case* will be hereinafter discussed but our disposition of the appeal in it will also be applicable to the appeal of the defendants in the *Bannister case.*

It was alleged in the complaint that plaintiff was formerly, but not then, a member of the defendant Unions; for approximately twenty years he had been engaged as a bricklayer and in other masonry work in and about the City of Anderson whereby he had earned a livelihood for himself and his family; about March 30, 1953, he had a contract with Cromer & Sullivan, a building contractor of Anderson, for the laying of brick on a rather large project for which he was paid, in accord with the contract, $35.00 per thousand brick laid and twelve cents each for concrete blocks, from which he earned about $25.00 per day. Cromer & Sullivan employs many brickmasons in the repair and erection of buildings throughout the upper part of the State, using brick, stone, cement blocks, lumber and other materials. The personal defendants are members and agents of the Union defendants and as such, and with the Unions, conspired to oust plaintiff from his work and from continuing his contract of employment, pursuant to which they demanded of Cromer & Sullivan that plaintiff be discharged from his contract and employment or else all of the members of the Unions would boycott the contractor and discontinue working on its present and future contracts, for the completion of which the contractor required the services of many masons. The contractor was thereby forced to discharge plaintiff, which it did in breach of its contract with plaintiff has

since been without employment during much of the time and has suffered other specified elements of damage. Defendants' actions were prompted by unlawful malice and determination to injure plaintiff because he had resigned from the Unions and worked more hours and days per week, and by contract, against the rules, etc., of the Unions. Actual and punitive damages were demanded against all of the defendants.

The defendants demurred to the jurisdiction of the court upon the ground that it appears from the facts alleged in the complaint that the only remedy of plaintiff arises under sections 8(b) (1) and 8(b) (2) of the Labor Management Relations Act of Congress, 1947, 29 U. S. C. A. § 158(b) (1) and (2), which are provisions of the Taft-Hartley Act. The demurrer was overruled upon the conclusion that a cause of action was stated in the complaint for damages for the unlawful inducement of the breach of a contract.

The defendants excepted and have appealed on the ground that the Federal Act cited in their demurrer to the complaint confers exclusive jurisdiction for the redress of the wrong alleged in the complaint in the National Labor Relations Board, and therefore the State courts are without jurisdiction of the action. The contention is that the wrong was an unfair labor practice as defined in section 158 of 29 U. S. C. A.

The plaintiff, who is now respondent, submitted an additional ground to sustain the order under appeal which is that the allegations of the complaint show that plaintiff is an independent contractor and is not subject to the terms of the Labor Management Relations Act, for which he cites 29 U. S. C. A. § 152(3). However, our disposition of the appeal makes consideration of the sustaining ground unnecessary.

Appellants recognize that the cited Act is inapplicable unless the employing contractor here involved is engaged in interstate commerce or its activities sufficiently affect such

commerce under the terms of the Act, and their brief is first and extensively devoted to this question. See 29 U. S. C. A. § 152(6) and (7). Decisions on the subject are collected in an annotation in 8 A. R. (2d) 738, 740, and at page 259 of the current supplement.

Upon consideration of the complaint it is manifest that the factual showing of it is inadequate to determine whether the construction business in which respondent was engaged or employed was or affected interstate commerce to a sufficient extent to bring it within the purview of the Act. In this situation, the order overruling the demurrer will be affirmed without prejudice to appellants to allege in their answer or answers the ground which they attempted to assert by means of demurrer. The result is that the merits of the several contentions of the parties are not touched by this decision.

Affirmed, with leave to appellants to serve answer or answers upon respondent or his counsel within ten days after remittitur filed, if they be so advised.