16944

FRANK WHEELER HALL, Respondent, v. HURLEY A.
WALTERS et al., Appellants

(85 S. E. (2d) 729)

*F. Ehrlich Thomson, Esq.,* of Columbia, *for Appellant,*

432

*John W. Foard, Jr., Esq.,* of Columbia, *for individual appellants,*

*Messrs. Whaley & McCutchen,* of Columbia, *for Respondent,*

*Messrs. John W. Foard, Jr.,* of Columbia, *for Individual Appellants, and F. Ehrlich Thomson,* of Columbia, *for Union Appellants, in Reply.*

January 3, 1955.

STUKES, Justice.

The respondeent recovered verdict and judgment for $1,000.00 actual, and $25,000.00 punitive, damages against the six individual appellants, who are named in the caption; and against the Textile Workers Union of America (CIO), Local No. 254. Textile Workers Union of America (CIO), which is referred to in the record as the "National Union," was awarded an order of nonsuit at the close of respondent's evidence, so it is not concerned with the appeal; and subsequent references herein to the union, and to the union appellant or appellant union, will be to Local No. 254.

It was alleged in the complaint that the unions were on strike against Pacific Mills of Columbia, including Capital

City Mill where respondent, who was not a member of the union, was employed. He returned to work on May 16, 1951, when the strike was still in effect. He was warned on the day before by a member of the executive committee of the union that if he went to work next day there would be trouble. As he entered the mill to work he was told by another union official that he would be sorry for it. When he was leaving the mill at the end of his day's work he was accosted by several of the individual appellants' and by others at the gate of the mill; was threatened, beaten and knocked to the ground by one or more of the appellants and chased for a considerable distance, flight being necessary to escape further injuries; he suffered pain, nervousness, etc. The appellant Lucas, who held several offices in the union, was in charge of the picket line and on duty at the mill at the time, instigated, participated in and superintended the alleged violence. There were also other union participants whose names are unknown to respondent. The purpose of the picket line was to prevent respondent and others, who desired to do so, from working in the mill. The appellants conspired and combined to prevent respondent from working, to threaten, frighten and injure him, which they did maliciously and in violation of his constitutional rights. The officials of the union, in the scope and course of their duties as such, authorized and supervised the foregoing activities which were approved and ratified by the union, or they acquiesced in the same, all of which was in connection with, and in furtherance of, the strike which was then under way. The unions have large cash resources and are otherwise wealthy.

The union appellant demurred to the complaint upon the ground that it did not state a cause of action against it because (1) its alleged acts are not actionable and, (2), in effect, that the strike was not unlawful, wherefore actual and punitive damages are not recoverable. The demurrer was overruled by order which held, in substance, that the action was to enforce liability for the alleged tort against respondent, and the union is subject to suit as an unincor-

porated association, without naming the individual members of it, under the Code Sections which are Nos. 10-215, 10-429 and 10-1516 of the Code of 1952. It was further held that the union is liable for the unlawful acts of its agents, that the basis of the suit is not the strike but the alleged unlawful acts done in pursuance and furtherance of it. The right to strike was recognized. The order concluded: "The gravamen of the charges here is that in the exercise of a legal right, unlawful means and acts were used resulting in damages to this plaintiff. See Annotations, 27 A. L. R. 786, 149 A. L. R. 508; 31 Am. Jur., section 295 *et seq.*, page 980. The complaint states a cause of action against the defendants and the demurrers are overruled."

The suit was brought, insofar as the union was concerned, pursuant to sections 7796 *et seq.* of the Code of 1942, to which the above cited sections of the 1952 Code correspond; they follow:

"7796. All unincorporated associations may be sued and proceeded against under the name and style by which they are usually known, without naming the individual members of the Association.

"7797. Process served on any agent of any unincorporated association doing business in this State, under the name and style by which it is usually known, shall be sufficient to make such association a party in any court of record in the county in which such agent may be served.

"7798. On judgment being obtained against such association under such process, final process may issue to recover satisfaction of such judgment, and any property of the said association, and the individual property of any copartner or member thereof, found in the State, shall be liable to judgment and execution for satisfaction of any such judgment."

The action came on for trial upon the complaint and answers which constituted, in effect, general denials, and resulted in the verdict and judgment above stated. None of the appellants made a motion for a directed

verdict and their motion for judgment notwithstanding the verdict was, therefore, properly overruled on that ground. Circuit Court Rule 79. *Gleaton v. Southern Ry. Co.,* 208 S. C. 507, 38 S. E. (2d) 710. *Standard Warehouse Co. v. Atlantic* C. L. R. R. Co., 222 S. C. 93, 71 S. E. (2d) 893. For the same reason the present condition that the evidence was inadequate to establish a conspiracy is untenable on appeal. However, the proof was ample and included evidence of ratification by the union. When the member who committed the assault and battery upon respondent was prosecuted in the criminal court, union officials arranged his bond and provided for payment of his fine. The pickets who threatened and chased respondent were retained. There was nothing in the evidence to combat the conclusion of ratification.

The union is an unincorporated association and its liability to suit and process is fixed by the foregoing statute which was applied in the following decisions: *Ex parte Baylor,* 93 S. C. 414, 77 S. E. 59; *Medlin v. Ebenezer Methodist Church,* 132 S. C. 498, 129 S. E. 830; *Elliott v. Greer Presbyterian Church,* 181 S. C. 84, 186 S. E. 651; and *Edgar v. Southern Ry. Co.,* 213 S. C. 445, 49 S. E. (2d) 841.

The last cited case was an action for damages against a labor union for conspiracy and its liability therefor, if proved, was not questioned. Upon later trial of the action there was a nonsuit as to the union on the facts, not the law. *Anderson v. Southern R. Co.,* 224 S. C. 65, 77 S. E. (2d) 350. Other recent cases in this court (reported as one) in which it appears that it was unquestioned that a labor union may be sued for damages for tort and conspiracy are *Bowen v. Bricklayers, Masons & Plasterers International Union of America,* 225 S. C. 29, 80 S. E. (2d) 343.

Unincorporated associations are generally elsewhere held to be liable in tort, 7 C. J. S., Associations, § 16, p. 42; 4 Am. Jur. 483, Sec. 43, as are their members, 7 C. J. S., Associations, § 32c, p. 79; 4 Am. Jur. 484, Sec. 44. Numer-

ous decisions so holding labor unions are collected in the annotations which are cited in the order overruling the demurrer to the complaint, *supra.*

One of appellant union's grounds for its unsuccessful motion for nonsuit was that the union, being an unincorporated association, has no entity or existence apart from that of its members and being a legal nonentity cannot be a co-conspirator. Assuming, without deciding, this, there can be no doubt that the officers and members of the union are capable of entering into a conspiracy and when a *tortious* act is committed in furtherance of the purpose of the union, the union is liable for all acts done pursuant to such conspiracy to which through its officers it is a party. This was the view taken by the learned Circuit Judge as will be seen from his remarks in the order refusing a new trial hereinafter quoted. The fact of the union's elaborate organization and existence cannot be escaped. That it is powerful is demonstrated by the facts in evidence in this case. The mill was closed again on the day after respondent was manhandled, and was able to re-open only after the strike was settled sometime later. Our statute contemplates that an unincorporated association will have agents, *eo nomine;* and it is undisputed that the appellant union had many, of various and sundry titles. Its liability for damages for conspiracy entered into between its officers and members, which was proven here, is indicated by our former decisions which have been cited.

In the order refusing new trial of the case the court reasoned and concluded as follows: "Members of an unincorporated association are jointly and severally liable for the obligations of the association. * * * Members of such associations are all principals. Two or more members of an unincorporated association can conspire with each other, or with another member acting as agent and representative of the association. If all 1700 members of the union had been named as defendants, there can be no doubt that all of them could be guilty of a conspiracy. The fact that each member

was not expressly named leaves the result unchanged, for the statute merely provides a convenient way to bring all of them into court. * * * All of the members of the association would be liable if one of the association officers or agents, acting for and on behalf of the union in the scope of his agency, took part and joined in the conspiracy. 7 C. J. S. [Associations, § 16, p. 42.] There is evidence in the present case from which the conclusion may be drawn that Mr. Kirkland, the business agent, also the captains and lieutenants of the picket line, and others, acting within the scope of their agency, joined in the conspiracy to use force in preventing non-union employees from working at the mill."

The following decisions from other jurisdictions sustain the joinder of an unincorporated union and its, or some of its, members as defendants in an action based upon conspiracy, as here: *F. R. Patch Mfg. Co. v. Protection Lodge,* 77 Vt. 294, 60 A. 74, 107 Am. St. Rep. 765; *Albrecht v. Kinsella,* 7 Cir., 119 F. (2d) 1003; Moore v. Cooks' etc. Union No. 402, 39 Cal. App. 538, 179 P. 417; *Heitkemper v. Central Labor Council,* 99 Or. 1, 192 P. 765; *Clarkson v. Laiblan, Mo.,* 161 S. W. 660; *Clarkson v. Laiblan,* 202 Mo. App. 682, 216 S. W. 1029; *Fife v. Great A. & P. Tea Co.,* 356 Pa. 265, 52 A. (2d) 24; *Malone v. Brotherhood of Locomotive Firemen,* 94 N. J. L. 347, 110 A. 696; *Pennsylvania Greyhound Lines v. Amalgamated Ass'n etc.,* D. C., 98 F. Supp. 789, Id., D. C., 105 F. Supp. 537; *Martineau v. Foley,* 231 Mass. 220, 120 N. E. 445, 1 A. L. R. 1145; *Ellis v. Journeymen Barbers' International Union of America, Local Union No. 55,* 194 Iowa 1179, 191 N. W. 111, 32 A. L. R. 756; *United Electric Coal Cos. v. Rice,* D. C., 22 F. Supp. 221; and *Harvey v. Chapman,* 226 Mass. 191, 115 N. E. 304, L. R. A. 1917E, 389.

We are not presently concerned with, and express no opinion as to, the attempted action of a member against his union, as in *Hromack v. Gemeinde,* 238 Wis. 204, 298 N.

W. 587, and *Marchitto v. Central R. Co.* of N. J., 9 N. J. 456, 88 A. (2d) 851, which are cited in the brief of the appellant union. And our governing statute, quoted above, is materially different from that of the State of New York. *Martin v. Curran*, 303 N. Y. 276, 101 N. E. (2d) 683, 686, also cited in the brief. The court virtually apologized for their statute in the opinion in the cited case when it said: "So, for better or worse, wisely or otherwise, the Legislature has limited such suits against association officers, whether for breaches of agreements or for *tortious* wrongs, to cases where the individual liability of every single member can be alleged and proven. * * * But, anomalous or not, such is the law, and this court does not revise statutes, in an effort to eliminate seeming injustices, or to bring the law into accord with modern fact."

Error is assigned because of the submission to the jury of the liability of the appellants for the conspiracy and resulting damages, and also the liability of the union appellant by reason of the acts of its agents, who are the individual appellants. In other words, two causes of action were submitted to the jury—conspiracy and liability upon *respondeat superior*—and exception is taken.

However, there was no motion to require respondent to elect, and after the jury were instructed as to both theories of liability, counsel for appellants did not object. Act No. 27 of Feb. 20, 1953, 48 Stat. 28, provides that after the court shall have charged the jury, they shall be excused and in their absence counsel may enter objections to the charge or request additional instructions. That procedure was carefully followed in the trial of this case, after the jury had been instructed on the law of conspiracy and also the union's liability *respondeat superior,* whereupon it was incumbent upon counsel to object to the charge in that respect in order to save the point for appeal, which was not done in this case although expressly solicited by the court. It is, therefore, not now available to appellants. Indeed, counsel announced, "We accept the charge * * *."

A further ground of appeal is the admission in evidence of the fact of a bodily attack upon another strike-breaker when she undertook to enter the mill to work on the morning of the day on which respondent was assaulted during the afternoon as he left the mill. We think that there was no error. It is elementary that in proof of conspiracy the field of the admissibility of pertinent evidence is broadened. *State v. Hightower,* 221 S. C. 91, 69 S. E. (2d) 363. In addition to the regular pickets on duty at the gate of the mill there were on this morning, when it was known that the mill would try to reopen, a large crowd of strikers, two of whom assaulted this other worker as she entered and the violence was ended by the intervention of a union official when prompted to do so by a deputy sheriff. The latter was there to try to preserve order.

There remains for consideration only the alleged excessiveness of the amount of punitive damages included in the verdict, which has caused us concern. There is no exception as to the amount of actual damages and our discussion will be confined to the award of punitive damages.

Such damages in the amount of $15,000.00 were affirmed in *Morrow v. Evans,* 223 S. C. 288, 75 S. E. (2d) 598, 601, where it was said: "It may be conceded that in the view of this court it is excessive in the sense that it is unduly liberal but that is an insufficient ground for reversal on appeal. Remedy lay within the power of the trial judge who, after consideration and in his discretion, declined to interfere, which is ordinarily, as here, final. The subject has been so fully discussed in several recent decisions that it need not be now dwelt upon. *Bowers v. Charleston & W. C. R. Co.,* 210 S. C. 367, 42 S. E. (2d) 705; *Jennings v. McCowan,* 215 S. C. 404, 55 S. E. (2d) 522; *Richardson v. General Motors Acceptance Corp.,* 221 S. C. 14, 15, 68 S. E. (2d) 874; *Vernon v. Atlantic Coast Line Ry. Co.,* 221 S. C. 376, 70 S. E. (2d) 862."

A verdict against a labor union which included $100,000.00 punitive damages was sustained in *United Construction*

*Workers v. Laburnum Const. Co.*, 1953, 194 Va. 872, 75 S. E. (2d) 694, affirmed 347 U. S. 656, 74 S. Ct. 833, 98 L. Ed. 1025. Punitive damages of $25,000.00 were awarded and affirmed in the action for conspiracy of *Charles v. Texas Co.*, 199 S. C. 156, 18 S. E. (2d) 719. See generally, on the award of punitive damages, *Davenport v. Woodside Cotton Mills Co.*, 225 S. C. 52, 80 S. E. (2d) 740.

There is evidence in the record of ownership of property by the appellant union and its dues-paying membership of sixteen or seventeen hundred shows that on a per capita basis the burden of payment will not be heavy. Bearing in mind that the justification of punitive damages includes punishment of the tortfeasor or tortfeasors and the object of deterring repetition of the tort by appellants or others, we cannot say that the amount of the verdict in this case is such as to shock the conscience of the court or to show that it was the result of prejudice, passion or other improper motive, in the absence of which this court will not reverse.

In the order refusing new trial, with respect to this ground, the trial court tersely said, and we agree: "The amount of damages was not the result of prejudice or passion. The plaintiff was seriously injured. The amount of punitive damages is not excessive. These were questions of fact for the jury to pass upon."

The union and the individual appellants filed separate briefs and stated different questions, all of which have been decided adversely to them by what has been said.

The exceptions are overruled and the judgment affirmed.

TAYLOR, OXNER and LEGGE, JJ., concur.

BAKER, C. J., concurs in result.