The opinion of the Court was delivered by
Wardlaw, J.
The first question made by the appeal is one of mere procedure, and hardly of sufficient importance by itself to justify a grant of new trial. It is, whether the owner of the land claiming damages for the excess of injury over advantage where his. land or a right of way upon it is taken by a railroad company, or the appealing party, in case of appeal to a jury from the assessment of commissioners, is entitled to open and reply in evidence and argument. The practice on Circuit has been hitherto conformable to the ruling of the Judge, in favor of the appealing party, but no determination has been made by the Court of Appeals. It *650 may be to some extent a question of circumstances dependent on tbe subordinate question, which party has really the gravamen of complaint, the affirmative of proposition and proof; and if the enactments of the Legislature in this matter were properly pursued, the course of trial might be left safely to the Judge authorizing a jury, according to the varying circumstances of the several cases. An appeal to a jury from the assessment of commissioners is not a matter of course and strict right, but is granted by the Court in judicial discretion, on adequate showing that injury has been sustained in the valuation by the complaining party; and when granted, an immediate and summary trial seems to be contemplated by the Legislature, but a trial altogether de novo, in which the jury may increase or diminish, according to the proof, the valuation of the commissioners. All this is sufficiently expressed and vindicated in the case of N. E. R. R. Co. vs. Sineath, 8 Rich. 185, We are of opinion, however, that in general, in the absence of contrary direction by the Judge ordering the issue, the owner claiming damages has the right to open and conclude. This is required by principle, as he is substantially the affirmant; it is supported by our practice in the analogous case of appeals from the Ordinary as to wills, Floyd vs. Floyd, 3 Strob. 44; and follows the course on the indentica-1 point, ruled in the case of Con. Riv. R. R. Co. vs. Clapp, 1 Cushing, 559 ; 1 Am. R. R. Ca. 450.
As to the second ground of appeal, imputing error to the Judge in rejecting the testimony of a witness as to the admissions of the president of the company, we think unhesitatingly that proof of admissions of a party in opposite interest is always competent, and that the president for this purpose sufficiently represents the company opposed to the claim of the land owner. The province of the Judge is to decide as to the competency mostly, sometimes the relevancy of testimpny, but he has little control oyer the motive of the party in offering testimony, inasmuch as it is for the jury to determine the effect of evidence.
*651 The third ground of appeal depends on facts not brought specially to our attention. If it be true, as suggested in the ground, that the letter of Mr. Blake was in reply to a demand on him for his land, this letter is competent evidence for him as part of the res. gestee, although it may be entitled to very slight influence, as if it consist of sophistical arguments, suggestions of facts unproved, or claims for damages not flowing proximately from the acts of the company concerning his land. We know nothing of the letter and little of the circumstances under which it was written, and can pronounce only an indefinite opinion contingently.
The fourth ground imputes error to the Judge, in instructing the jury that the proprietor of the land had the right to reject the conditions upon which the company proposed to take his land, and might insist that the company should take the unrestricted and absolute fee, and the Circuit Judge reports that he did say to the jury, that Mr. B. might reject the whole of the stipulations proposed, and that the company could not force them on him. In this respect, we conclude that there was error in the instructions. The charter of the company, in the 9th sect., 12 Stat. 274, authorizes the company to take any lands for the site of the road in fee, or for years, of such dimensions (not exceeding one hundred feet on each side of the track as appears by other portions of the Act,) as they shall see fit, or to purchase private rights of way or water-course; and the tenth section provides, that, where the company cannot purchase the lands or rights of way for lack of agreement as to price or other cause, the same may be taken by the company at a valuation to be made "by commissioners appointed by the Court, the measure of which valuation shall be the excess of loss or damage above the benefit or advantage derived from the course of the road by the proprietor.
The vesting of discretion in the company as to the diminishable extent of land to be taken, was probably derived from the amendment of the charter of the Greenville and *652 Columbia R. R. Co., in 1849, 11 Stat. 576. Whatever may be the origin of the provision in this respect, it is considered that the whole extent of discretion as to lands and rights of way to be taken by the cpmpany, is in the company, and not in the, proprietor.' The greater contains the less. The right to take the fee involves the right to take a less estate, or to take on any terms or conditions the company may, propose. As they,may not need the whole extent of, one hundred feet on each side, of the track, so they may not need any interest in .the soil beyond some point of .time, and cannot be required to take more than 'they need. It might be that the taking under the limitations of tenure and quantity contained in their proposals, would be as injurious to thé owner, as taking absolutely the whole soil or easement they had privilege to take; but it devolves on the, commissioners, or alternatively the jury, to assfess in the various cases'the damage to the proprietor. So, on the other hand, the company might propose to take nothing except on terms that would produce- advantage to the owner.
The fifth ground alleges that the judge charged that the stipulations covered every subject of damage claimed by Mr. Blake, and consequently that he could claim. no damages except on suit for breach of the stipulations; and the sixth ground in substance alleges that the Judge charged that the jury could not assess damages subject to the stipulations, or , assuming them to be executed fairly., His Honor partially ,repudiates and qualifies the instructions imputed to him, and no analysis will be attempted of his' instructions as stated by himself, but the result of our deliberations on the matters in these, grounds will be briefly expressed. What are called stipulations seem hardly to amount to any agreement or covenant upon which Mr. Blake could maintain any action against the company, and are rather the terms and conditions reduced to writing by counsel, on which the company proposed to take .- any interest in the lands of the- owner. . But regarding them as stipulations, they do not exclude the assessment of damages to the owner of the land, on the assumption that they are or *653 will be faithfully executed, nor of damages, because they have not been fully and fairly performed. Suppose, for example, that the trestle-work proposed to be built by the company) would be so inadequate to the drainage of the owner’s swamp, that the consequence must follow of converting arable into grazing land, surely the owner is entitled to some compensation, however faithfully the trestle work, occasioning obstruction to the flow of water, may be erected. Suppose the company contracted to erect two hundred feet of trestlework, and in fact erected only fifty feet, the disadvantage of this diminution of work is a proper subject of assess ment. We do not propos to discuss the different sorts of damage or loss for which compensation should be made, nor to lay down rules distinguishing between remote possibilities and proximate consequences; but we do mean to assert that the assessment by the jury is to be made on comparison of the loss and advantage to the owner, created by the acts of the company on his soil. The injury may be much lessened by the forbearance of the company to take everything, and to every extent, they might take, and still injury may necessarily follow from any qualified taking. On this principle the Commissioners acted in their assessment, and the company in their suggestion, by way of appeal to the Court, make no complaint as to the principle. It may be that the valuation of the Commissioners is altogether exorbitant, but we agree that they, and the jury on appeal, were not excluded from considering all the facts, and making estimates as to items named in the stipulations, of course reducing the valuation on account of the company’s compact not to exercise all the rights of a proprietor over the whole parcel of land taken.
Ordered that a new trial be granted.
O’Neall, C. J., and Johnstone, J., concurred.

Motion granted.