WILKINS v. TOWN COUNCIL OF GAFFNEY CITY.

RIGHT OF WAY—RAILROADS—CONDEMNATION—JURISDICTION.—The town council of Gaffney City has no jurisdiction to authorize a railroad company to locate and operate a track in a street of the town, until compensation has been made to the abutting landowners under condemnation proceedings.

Before GAGE, J., Cherokee, Sept., 1898. Reversed.

Action by W. J. Wilkins and other citizens of Gaffney City owning lots on Johnson street *v.* Town Council and Ohio River and Charleston Railway Co. From Circuit decree refusing temporary injunction, plaintiffs appeal.

*Messrs. Jas. F. & Jno. R. Hart* and *Butler & Osborne,* for

appellants. The former cites: *Power to control the streets does not enable authorization of construction of steam railway along a street:* 21 Stat., 1002; 10 S. W. R., 644; 18 At. R., 586; 24 Fed. R., 306; 10 Wall., 52. *The use of the street for a steam railway is an additional burden, which cannot be imposed on the abutter owning the fee, without additional compensation:* 17 Ill., 439; 60 N. Y., 242. *The railway company ought to be enjoined also:* 26 Conn., 240; 48 Ind., 178; 16 N. Y., 99; 78 Penn., 177; 14 N. Y., 506; 35 N. J., 205; 51 S. C., 433. *This railway company is not authorized to exercise the right of eminent domain in Cherokee County:* 22 Stat., 329; 19 Stat., 38; sec. 8., art. IX., Con. 1895; 22 Stat., 114; James v. Ry., 161, U. S.

*Mr. J. C. Jeffries, for Gaffney City,* contra, cites: *Railroad in street is not additional burden on the fee:* 5 Rich., Eq., 584; 35 Minn., 112; 41 Fed. R., 556. *Remedy is by indictment, when railroad violates franchise so as to injure the public:* 62 Penn. St., 218; 14 Conn., 565; 14 Wright, 91; 4 R. E. Smith, 401; 5 Phila., 199; 33 Leg. Int., 264; 1 W. N. C., 492; 63 Cal., 460; 98 Ind., 153; 50 Ga., 451. *But if a burden, the remedy is by statute in condemnation:* 33 S. C., 417; 2 Head, 171; 14 R. I., 112; 2 Post., 296; 32 Ark., 758; 22 Cal., 251; 13 Ind., 90; 20 Ind., 9; 43 Ia., 26; 31 Me., 215; 12 Miss., 466; 11 Minn., 292; 34 Miss., 227; 54 N. H., 590; 29 N. H., 146; 8 Ohio St., 590; 67 N. C., 278; 14 Penn., 65; 59 Tex., 326; 25 Vt., 363; 40 Wis., 645; 11 Rich., 239. *The town council has the right to grant this franchise to the railway company:* 22 Stat., 1008; 43 Ia., 249; 21 Ill., 516; 13 Ind., 353; 7 Barb., 508; 23 Barb., 482; 70 Ia., 105; 74 N. Y., 305; 10 Kan., 552; 79 Me., 363; 29 Ia., 149; 101 N. Y., 108; 9 Bush., 264; 15 B. Mon., 404. *If particular individual suffer special damage, his remedy is at law if not under statute:* 5 Blatchf., 366; 6 Ibid., 487; 20 N. J. Eq., 530; 13 Id., 314; 102 Ill., 379; 32 Fed. R., 271; 102 N. Y., 112. *Proposed act of railway is not a trespass, nor an unlawful obstruction or nuisance:* 55 Ala., 413; 34 Ia., 249; 33

Mo., 128; 29 Ia., 149; 9 Bush., 264; 10 Kan., 552; 74 N. Y., 305; 166 Ill., 61; 165 U. S., 370. *Equity will not interfere by injunction for slight or insignificant damage:* 8 Minn., 113; 85 Ky., 640; 40 N. J. Eq., 557. *Plaintiffs suffer no damage not sustained by public, and this action will not lie:* 5 Rich. Eq., 583; 48 S. C., 553; 21 Minn., 502; 32 Id., 201; 33 Id., 365; 40 Id., 168; 91 Me., 193. *State only can raise question of validity of charter:* 39 At. R., 560; 71 Ill. App., 475. *There is misjoinder of parties and cause of action:* 24 S. C., 39; 17 N. J. Eq., 75.

*Mr. N. W. Hardin,* for Railway, contra, cites : *Chartered railway corporation may exercise right of eminent domain:* Rev. Stat., 1743 to 1755. *Plaintiff's only remedy was by statute:* Secs. 1550 to 1561, 33 S. C., 484; 47 S. C., 484. *Judge could consider case on merits to ascertain if there are legal grounds for injunction:* 34 S. C., 345. *Injunction should not have been granted without notice to railway com-pany:* Code, 245, 138; 31 S. C., 360; 24 S. C., 46; 32 S. C., 319.

Feb. 8, 1899.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This is an action to restrain the town council of Gaffney City from granting to its codefendant the use of Johnson street, in said town, for the purpose of ex-tending its track.   His Honor, Judge Gage, granted a tem-porary injunction, which he afterwards dissolved, and the appeal is from that order.

Several questions are presented by the exceptions, one of which is that the town council of Gaffney City was without jurisdiction to grant to its codefendant the right to lay its track in said street.   The question as to jurisdiction will first be considered.   In order to ascertain what powers were con-ferred upon the town council of Gaffney City, it will be neces-sary to refer to its charter.   Section 13 (Acts of 1894, page 1002,) contains the following provision: "The intendant and wardens shall have full and exclusive control over all

streets, roads, ways and bridges in the said town, and it shall be their duty to keep them open and in good repair; and for that purpose they are invested with all the powers of county board of commissioners, for and within the corporate limits of said town, &c." Section 14 is as follows: "The town council of Gaffney City shall have full power and authority to open new streets in said town, and to close up, widen or otherwise alter those now in use, or which may hereafter be established, wheresoever, in their judgment, the same may be necessary for the improvement and convenience of said town, and to name and change present names of streets. Should the landowner or owners, through whose premises such street or streets may run, refuse his, her or their consent to such action of the town council, in opening, closing up, widening or altering such street or streets, the said town council shall have the right to condemn such land for the purpose aforesaid, according to the provisions of the law now of force for condemning land for public use." The intention of the act was to confer upon abutting landowners the right to compensation for damage to their property in consequence of opening, closing up, widening or altering the streets. The right to condemn, according to the provisions of the law, imposes the corresponding duty to render compensation for the damages sustained. The provisions of the law for condemning land for public use show that compensation must be made to the landowner before the highway is established. Rev. Stat., section 1179. It would be both an alteration and a partial closing of the street for the railway company to lay its track through it. *Paris Mountain Water Co.* v. *Greenville,* 53 S. C., 82; *Garraux* v. *Greenville,* 53 S. C., 575. The town council, upon the refusal of the plaintiffs, did not have the right to take their land for the purpose of opening, closing, widening or altering the streets, except under condemnation proceedings. It, therefore, was without jurisdiction in the premises to delegate to the railway company a power which it did not possess, and which the railway company is attempting to exercise. Upon the refusal of the

landowners, the jurisdiction of the town council over the streets, for the purpose of opening, closing, widening or altering, does not arise until compensation has been made to the landowner under condemnation proceedings.

This conclusion renders unnecessary a consideration of the questions raised by the other exceptions.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the case remanded for such proceedings as may be necessary to carry into effect the views herein announced.