## 7814

### BAILEY v. TOWN OF CLINTON.

1. CITIES AND TOWNS—STREETS—CONDEMNATION.—Under the charter of the town of Clinton a landowner should have twenty days' notice to appear at a meeting to appoint commissioners to assess compensation for lands to be taken for a street.

2. IBID.—CONDEMNATION—CONSTITUTIONAL LAW.—This charter does not violate the constitutional inhibition against taking private property for a public purpose because it provides that the damages to property not appropriated by the street may be diminished by the value added thereto by the improvement.

3. IBID.—IBID.—IBID.—This charter confers on the mayor and aldermen the right to condemn lands for municipal purposes.

4. INJUNCTION.—A Circuit Judge may dissolve a temporary injunction in an action for injunctive relief alone.

5. CITIES AND TOWNS—CONSTITUTIONAL LAW.—The constitutional provision relating to the definition of corporate powers so as to subject all of the same class to like restrictions does not imply that the power of condemnation should not be conferred alike on all municipal corporations.

Before C. C. FEATHERSTONE, Special Judge, May, 1910. Affirmed.

Action by Florence J. Bailey against the Town of Clinton. Plaintiff appeals.

*Mr. F. P. McGowan* and *Messrs. Richey & Richey,* for appellant. *Mr. McGowan* cites: *Preliminary injunction should not have been dissolved:* 42 S. C. 435; 54 S. C. 457; 69 S. C. 159, 554; 84 S. C. 53. *Respondent must proceed under the statute as written:* 63 S. C. 204; 38 S. C. 308. *Supposed benefits cannot be considered:* 33 S. C. 170; 53 S. C. 285.

*Messrs. Simpson, Cooper & Rabb,* contra, cite: *Temporary injunction may be dissolved:* 75 S. C. 221; 69 S. C. 554; 77 S. C. 83; 86 S. C. 396.

March 11, 1911.    The opinion of the Court was delivered by

MR. JUSTICE WOODS.   On April 5, 1910, the mayor and aldermen of the town of Clinton served notice upon Mrs. Florence J. Bailey, plaintiff in this action, that they had determined to open a street through a portion of her property, and requiring her to appear at a meeting of the town council on April 7, 1910, to nominate six commissioners, who, with six commissioners appointed by the town, should proceed to assess the value of the property over which the proposed new street would pass.   Plaintiff appeared by her agent and objected to the condemnation proceedings on various grounds, all of which were overruled by the town council.   Thereafter on April 13, 1910, plaintiff began this action by procuring from Hon. R. C. Watts, Circuit Judge, a temporary restraining order, requiring the town of Clinton to show cause why it should not be enjoined from continuing further in the condemnation proceedings.   The return to the rule was heard before Hon. C. C. Featherstone, Special Judge, who dissolved the temporary restraining order granted by Judge Watts, but required the defendant to serve an amended summons upon the plaintiff.   The portion of his decree requiring the amendment is as follows: "After argument of counsel, I am not impressed with the sufficiency of any of the plaintiff's grounds for the temporary injunction except the first ground as to the sufficiency of the time of the notice served upon the plaintiff, and as to that ground I am of the opinion that it is insufficient and that at least twenty days should have been given her for the purpose of appearing at the meeting stated in the notice, as that is the time prescribed by the Code for the service of summons, but if this does not apply, I think the time prescribed by the notice was too short.   Wherefore it is ordered, adjudged and decreed that the injunction be refused except that the defendants, if they be so advised,

may serve an amended notice upon the plaintiff looking to
the condemnation proceedings for the opening of said street
by giving the plaintiff at least twenty days' notice of the
time and place of the appointment of commissioners for
the purpose aforesaid, and that in the meantime the defend-
ants be enjoined and restrained from taking any further
steps under the original notice for condemnation of the
plaintiff's land looking to the opening of said street."

The town of Clinton proceeded under the following
statute authorizing the appointment of commissioners to
assess the damages in condemnation for municipal purposes:

"The mayor or intendant of such city or town shall
call a meeting of the said owners at some proper
time and place by the service of a notice, as sum-
mons are now required by law to be served, and the owners
attending such meetings or their proxies, or a majority of
them, shall appoint the commissioners in their behalf
mentioned in section 1397; and in case the owners at said
meeting or adjournment thereof, shall neglect or refuse to
appoint commissioners, then the commissioners appointed
by said city or town on their behalf or a majority of them,
shall be, and they are hereby, authorized to proceed to the
discharge of the duties herein prescribed, and their judg-
ment in the matter shall be final and conclusive, except in
the case of appeal as above prescribed." Civil Code, sec-
tion 1399.

Construing the decree of the Circuit Court to mean that
the defendant should serve an amended notice allowing the
plaintiff twenty days to appear at the hearing before the
council, after which she should have the ten days' time
allowed by the statute in which to appoint the six commis-
sioners on her behalf, we sustain the ruling. The sum-
mons originally issued required the plaintiff to appear in
less than twenty days, but the law was completely met by
the requirement in the order that the summons be amended

and that the plaintiff should have twenty days in which to appear.

As to the fourth exception, counsel for respondent admits that under the statute plaintiff will be entitled to have payment at its full value for the land actually condemned for the proposed new street, to be ascertained without offset from any increased value imparted to the remainder by the proposed improvement. This admission makes it unnecessary to construe the statute on this point.

There is no ground for the provision that the statute contemplates the taking of private property without just compensation because it provides that in estimating damages to property not appropriated for the street, increased value due to the contemplated improvement may be set off against the damage. The subject was fully considered in the case of *Bramlett* v. *Greenville, supra,* 110.

The point made by the fifth exception that the statute does not confer on the mayor and aldermen of the town the right to condemn lands for municipal purposes is entirely too technical; this construction of the statute would deny to many of our municipalities power which the legislature manifestly intended to bestow upon them. The further contention of counsel for appellant that the Circuit Judge had no discretion to dissolve the temporary injunction is ruled expressly to the contrary in the case of *Childs* v. *City of Columbia,* 87 S. C. 566.

As to the sixth exception, it is sufficient to say that the constitutional provision as to municipal corporations requiring that "the powers of each class shall be defined so that no such corporation shall have any powers or be subject to any restrictions other than all corporations of the same class," does not in the least imply that the power of condemnation or any other power may not be conferred alike on all municipal corporations of all classes.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.