16909

CLYDE MUNN v. MANUEL ASSEFF

(83 S. E. (2d) 642)

*Messrs. LeRoy M. Want,* of Darlington, and *D. Carl Cook,* of Hartsville, *for Appellant,*

*Messrs. Leppard & Leppard,* and *Turner Clayton,* of Chesterfield, *for Respondent,*

Sept. 14, 1954.

BRUCE LITTLEJOHN, Acting Associate Justice.

This action was brought by the respondent against the appellant, Manuel Asseff, and against George Asseff, al-

leged co-partners, doing business as A & A Auto Supply Store, for conversion of a motor truck, for actual and punitive damages. A motion for a directed verdict was granted as to George Asseff on, the ground that the evidence failed to prove him a co-partner, the business being owned solely by Manuel Asseff, herein called the appellant.

The complaint alleges that the appellant, who operated an auto wrecker service, without the knowledge or consent of the respondent, took possession of the respondent's damaged truck at the scene of a wreck wilfully, wantonly, recklessly, and unlawfully, and carried it to his place of business. It further alleges that while the damaged truck was in the possession of the appellant the battery disappeared; that appellant refused to restore the same and demanded exorbitant and unlawful towage and storage charges, which the respondent refused to pay unless the battery was replaced.

The complaint further alleges that as a proximate result of such taking and retention of the damaged truck, the respondent has first, lost trade and business carried on with the truck, and profits arising therefrom, and second, has lost the truck itself.

The answer was in substance a general denial.

It should be noted that one attorney filed the answer in this case; two others tried the case, and still three others filed the motion for a new trial, one of whom (Mr. LeRoy M. Want) now remains in the case when argued in this Court, here being joined by Mr. Carl Cook, who appears in the matter for the first time. Accordingly, mention of trial counsel does not refer to the attorneys now of record.

No demurrer nor motion to strike appear to have been interposed, nor specific denial to the complaint set forth in the answer. In the trial of the case no motion was made for a nonsuit; a motion was made and granted for a directed verdict as to actual and punitive damages as to George Asseff; a motion for a directed verdict as to punitive dam-

ages was made and denied as to appellant; no motion for a directed verdict as to appellant as to actual damages was made.

The jury returned a verdict against the appellant for $5,350.00 actual damages, and $500 punitive damages.

A motion for a new trial raising substantially the issues indicated by the questions submitted herein below was overruled except in the respect that a new trial was granted unless the respondent remit on the record $1,850.00 of the actual damages awarded. The respondent remitted.

The questions raised on this appeal as taken from appellant's brief, are as follows:

1. May owner of wrecked truck maintain action for conversion against garageman after said owner has exercised free access to his vehicle on the garage premises and has failed to bring claim and delivery or other legal action to regain possession?

2. May owner refuse to pay charges of $84.00 by garageman who allegedly towed in wrecked vehicle without authority and then maintain action for actual damages many times that sum and which could have been prevented altogether by payment of the $84.00?

3. Is loss of profit an element of actual damages where, by payment of a small sum by plaintiff, there would have been no loss of profit?

4. Is a vehicle owner entitled to delivery of his vehicle without payment of storage and towing charges to garageman who performed necessary service without direct authorization?

5. Is failure to charge on extraneous matters in the testimony reversible error?

Counsel for respondent take the position that the questions which appellant would now raise are not before the Court. We are of the opinion that the objection is well taken as to questions 1, 2, 3 and 4. Circuit Rule 76 provides as follows:

"The point that there is no evidence to support an alleged cause of action shall be first made either by a motion for nonsuit or a motion to direct the verdict; and the point that there is no evidence to support a defense shall be first made by motion to direct a verdict."

It is obvious from a reading of the entire record that trial counsel and appellate counsel for respondent take different views of the law of the case. The case was tried throughout along the lines of the pleadings which reasonably made up issues to which appellate counsel now object by the questions raised on this appeal. There were no objections of consequence to the testimony supporting all allegations of the complaint, and defense counsel cross-examined plaintiff's witnesses freely on all issues without reservation.

The trial judge charged the law on the issues raised by the pleadings. At the end of the charge, in the absence of the jury, opportunity was given to object to charges made or to request additional charges, and counsel for both plaintiff and the defendant stated that nothing further was requested.

Having failed to raise objection by demurrer, or motion to strike, or by the answer, and having failed to move for a nonsuit or directed verdict as to actual damages, or object to the charge of the law, the first four points which appellant now seeks to make could not be raised by a motion for a new trial on circuit nor in this Court. After the verdict appellant may not change his entire theory. Orderly procedure requires that objections be timely made. If appellant's contentions ought to be sustained, then the case should be ended, not tried again. We are not called upon to rule upon the merits of the questions.

Question number 5 suggests error on the part of the trial judge in failing to charge on extraneous matters. It has already been pointed out that appellant was given ample opportunity to object to the charge of the law or to request additional propositions, and expressed satisfaction with the

charge. The many cases decided by this Court to the effect that there is an obligation on counsel to assist the court by requesting additional charges or amplification now finds legislative support and sanction in Act No. 27 of the Acts of the General Assembly for South Carolina for 1953, which reads as follows:

"In all cases tried before a jury, other than cases in a magistrate's or municipal court, after the Court has delivered to the jury a charge on the law in the case, the Court shall temporarily excuse the jury from the presence of counsel and litigants, in order to give counsel and litigants an opportunity to express objections to the charge or request the charge of additional propositions made necessary by the charge, out of the presence of the jury."

Before this act it was customary for trial judges to ask counsel after the charge if there were additional requests, but it was not covered by rule or statute. Submitting the question in the absence of the jury allows counsel to more fully discuss the law and freely express his views and accordingly, increases his responsibility.

In argument appellant "concedes that there should have been a request for clarification on some of the points * * *" and admits, "On many of the points involved in this memorandum the Trial Court should have been afforded an opportunity to elaborate on the instructions to the jury." We conclude that having failed to request amplification of the charge, complaint may not now be made. See *Charles v. Texas Co.,* 199 S. C. 156, 18 S. E. (2d) 719; *Sample v. Gulf Refining Co.,* 183 S. C. 399, 191 S. E. 209. Also see South Eastern Digest, Appeal and Error, key 216 for many cases to same effect.

Judgment affirmed.

STUKES, TAYLOR, OXNER and LEGGE, JJ., concur.