## 16962

THE STATE, Respondent, v. GEORGE A. SHEA, Appellant

(85 S. E. (2d) 858)

*Messrs. Sam N. Burts* and *Thomas W. Whiteside*, of Spartanburg, *for Appellant,*

*Messrs. J. Allen Lambright, Solicitor, J. Wright Nash, Assistant Solicitor, Sam R. Watt,* and *Chester D. Ward, Jr.,* of Spartanburg, *for Respondent,*

February 14, 1955.

STUKES, Justice.

Appellant was tried upon an indictment which contained two counts: First, assault with intent to ravish; and, second, assault and battery of a high and aggravated nature. He was convicted and sentenced upon the second count and has appealed. His motion for direction of verdict of not guilty upon the first count was refused, as was his motion to submit to the jury the issue of simple assault and battery. These rulings are the subject of exception and he has also

appealed upon the ground of alleged error in the charge to the jury in that it referred to the possibility of suspension of sentence and probation.

The prosecutrix was a nineteen-year-old matron at the time, and appellant was sixty-four years of age. He was a business associate of the father-in-law of the prosecutrix, married and the father of a young daughter. His and her neighboring homes were situate on U. S. Highway 29, known as the Charlotte Highway, and about five miles from the City of Spartanburg. The home of the prosecutrix and her husband is the property of appellant and closely adjacent to the highway and also on another, intersecting road. The occurrence was at about five o'clock on a Saturday afternoon when the husband of the prosecutrix was still at his work and she was at home alone. She testified that appellant was drinking. The facts stated in the following paragraph are also from her testimony, which the jury may have accepted *in toto* or rejected in part.

She was sweeping her porch when appellant appeared in her yard and called her to him as if to show, or tell, her something and they first engaged in innocent conversation in the backyard which was rather secluded by the adjoining buildings and peach orchard. He pulled her to him and forced a kiss upon her, holding her by the shoulders with his body against hers. He inquired when her husband would be home, which she told him and he said that would give him about an hour and he tried to get her in the house with him but she refused and asked him to leave. He asked and she showed him her rings and he inquired whether there was anything he could do for her. He saw and mentioned papers on the porch which had been torn by her dog and he offered to help her remove them and pushed on the screen door, which he could not open because it was latched inside. She jerked loose from him and ran to the highway at the front, whereupon he got in his automobile, which was parked nearby, and drove out to the highway, stopped beside her and said to her that she had better not tell and

that he would be back to see her. He then drove away. She made no outcry but promptly afterward telephoned her father-in-law at his Spartanburg place of business, who immediately sent another son who arrived in about ten minutes and he took the prosecutrix to his father's home. She testified on cross examination, in part as follows:

"Q. Where did he have hold of you? A. Got ahold of my shoulders.

"Q. Mrs. Lanier, were you hurt in any way? A. No, sir.

"Q. Were you bruised in any way? A. No, sir.

"Q. Were your clothes torn? A. No, sir.

"Q. Did Mr. Shea ever make an improper advance to you, such as trying to put his hand on you where it shouldn't have been? A. No, sir.

"Q. He did not? A. No, sir."

The brother-in-law of the prosecutrix, to whom she first reported the occurrence in detail, recounted the report in his testimony as follows:

"(The prosecutrix) said Mr. Shea called her and started talking to her nice and everything, so she said he called Shirley (the prosecutrix) over there where he was, and Shirley went over there, and he pulled her behind the house. And said that he was trying to kiss her and everything there behind the house, and asked her what time Sidney (the husband of prosecutrix) would be home. She said he would be home, usually gets home between 6:30 and 7 o'clock. And he looked at his watch and said, 'Well, that will give me an hour then', and said 'Let's go in the house.' And she said she broke loose from him and went around to the front down to the highway and started playing with her flowers, looking at her flowers."

Because of the necessity for new trial the evidence will not be further stated. However, upon consideration of all of it, we are convinced that both counts of the indictment should have been submitted to the jury,

as they were, and that, in addition, the issue of simple as-
sault and battery should also have been submitted.

The following decisions are of some assistance: *State v.
Johnson,* 84 S. C. 45, 65 S. E. 1023; *State v. Sanders,* 92
S. C. 427, 75 S. E. 702, 42 L. R. A., N. S., 424; *State v.
Kelly,* 114 S. C. 336, 103 S. E. 511; *State v. Wilkins,* 217
S. C. 105, 59 S. E. (2d) 853. Compare *State v. Wilson,*
162 S. C. 413, 161 S. E. 104, 81 A. L. R. 580.

"In a prosecution for rape, or for attempt or assault
with intent to rape, accused may be convicted of the
offense charged or of any lesser offense embraced
therein, * * * and, where the evidence, or any rea-
sonable view thereof, warrants it, it is proper in (to?) in-
struct the jury that they may convict of a lesser offense in-
cluded in the charge, such as attempt, or assault with in-
tent to rape, or aggravated assault, or simple assault, and a
failure or refusal to do so is error, at least where a request
is made; and an instruction affirmatively excluding lesser
included offenses from the consideration of the jury is
likewise erroneous." 75 C. J. S., Rape, § 820(2), pp. 588,
589.

The following is from 44 Am. Jur. 980, Rape, Sec. 124:
"Unless an instruction as (is?) tendered or requested as
to the lower degrees of the crime charged, no error is com-
mitted in failing to so charge * * *." Here request was
made (whether necessary or not, we do not decide) and
refused, and is the subject of exception.

It was plainly stated in *State v. Knox,* 98 S. C. 114, 82
S. E. 278, 279, in which the indictment was for assault
and battery with intent to kill and the jury found assault
and battery of a high and aggravated nature, the court hav-
ing refused to submit assault and battery, as follows: "The
rule is well settled that an indictment for a higher offense
will sustain a conviction for a lower offense included in
the higher, and that a jury can find a defendant guilty of
an assault and battery under an indictment charging as-

sault and battery with intent to kill. 2 Enc. Pl. & Pr. 856, 857. There was testimony from which the jury might have drawn a reasonable inference, that the defendant was only guilty of assault and battery. It is not error, however, for a presiding judge to refuse to submit the question of assault and battery to the jury, under an indictment for assault and battery with intent to kill, unless there is testimony tending to show that the defendant is only guilty of assault and battery. *State v. Du Rant,* 87 S. C. 532, 70 S. E. 306."

We think that it may be accurately said of the evidence in this case as it was in *McClain v. State,* 83 Ga. App. 177, 63 S. E. (2d) 217, 218: "The evidence in the instant case, as above stated, does not demand a verdict of assault with intent to rape, but authorizes and sustains a verdict of assault and battery." Both should have been submitted to the jury and also the intermediate assault and battery of a high and aggravated nature.

The jury were instructed that conviction upon the first count of the indictment would result in sentence of death, unless the jury should recommend mercy whereupon appellant would be sentenced to not less than five years nor more than forty years, within the discretion of the court; and that conviction upon the second count would entail sentence of not less than three months nor more than ten years, within the discretion of the judge. Immediately following the foregoing, the jury were instructed as follows:

"And then insofar as either verdict is concerned, where a term of years is involved, this Court has the authority to suspend all or any portion of a sentence and place the defendant on probation under the usual terms of the act, or under any such special provisions as appear appropriate to the trial judge."

Appellant has excepted to the quoted charge and claims that it conveyed to the jury the impression that the court intended to put appellant on probation if he were found

guilty, whereby they were induced to more readily convict and he was thereby prejudiced.

The decided weight of authority is that a defendant may be prejudiced by an instruction such as that complained of here. The decisions are collected in an annotation in 8 A. L. R. (2d) 1001, which is summarized at the outset as follows:

"In general, it may be stated that any indication on the part of the court that may reasonably lead the jury to believe that a finding of guilt will result in a suspended sentence constitutes reversible error. The underlying principle is that an accused's right to acquittal if the jury is not convinced of his guilt is destroyed, and a skeptical minority of the jury may be less reluctant to abandon its stand, if it is thought that the consequences of conviction will be obtunded."

However, the appellant in the instant case did not make timely objection to the charge. Act No. 27 of 1953, 48 Stat. 28, now Section 10-1210 of the Supplement to the Code of 1952, is as follows:

"In all cases tried before a jury, other than cases in a magistrate's or municipal court, after the court has delivered to the jury a charge on the law in the case the court shall temporarily excuse the jury from the presence of counsel and litigants in order to give counsel and litigants an opportunity to express objections to the charge or request the charge of additional propositions made necessary by the charge, out of the presence of the jury."

In the case in hand the court complied with the statute by excusing the jury at the conclusion of the charge and inviting counsel to object to it and to request additional instructions. Counsel for appellant requested other additional instructions but entered no objection to the now questioned charge. Appellant is therefore bound by it insofar as this appeal is concerned. *Munn v. Asseff,* S. C., 83 S. E. (2d) 642; *Hall v. Walters,* S. C., 85 S. E. (2d) 729.

Reversed and remanded for new trial.

BAKER, C. J., and TAYLOR, OXNER and LEGGE, J.J., concur.