17147

J. B. SMITH, Appellant, v. CITY OF GREENVILLE, Respondent
(92 S. E. (2d) 639)

*Messrs. W. W. Wilkins* and *E. P. Riley,* of Greenville, *for Appellant,*

*W. H. Arnold, Esq.,* of Greenville, *for Respondent,*

*Messrs. W. W. Wilkins* and *E. P. Riley,* of Greenville, *for Appellant, in reply,*

April 23, 1956.

LEGGE, Justice.

Appellant based this action against the City of Greenville, upon an alleged taking of his property for public use without just compensation; and, the jury having found against him, he appeals, challenging the charge of the trial judge as to the measure of his recovery.

The complaint alleged that in 1938 appellant had purchased a tract of approximately fourteen acres in Greenville County, which tract was later annexed to and became a part of the City of Greenville; that between 1942 and 1946, when the tract was under lease from appellant to the United States government for military purposes, the government opened up a private road through a part of it; that upon the expiration of the lease appellant closed and barricaded this road; and that thereafter the city ignored his signs prohibiting trespass, removed his barricade, and opened up the road as a public street, without paying or offering to pay him for the land so taken, the same being a strip thirty feet wide and about one thousand feet in length. Respondent's answer pleaded a general denial, and that the road in question was a public road and had been used by the public for more than twenty years.

The transcript sets forth the pleadings and the trial judge's charge to the jury, but contains none of the testimony. It is apparently conceded that respondent's claim of prescriptive right arising from public use of the road for twenty years is applicable only to the width of the old road, and not to the additional width of the road as it presently exists. The following portion of the charge is unchallenged:

"Gentlemen, there is something I overlooked that I will call to your attention. Under the undisputed testimony in this case, the area of the present roadway is sixty-two hundredths (.62) of an acre; likewise, under the undisputed testimony in the case, the area of the alleged old road was

twenty hundredths (.20) of an acre, making a difference of forty-two hundredths (.42) of an acre. I would instruct you, gentlemen, as a matter of law, that under the defense of the City of Greenville, that is, prescriptive right for a period of twenty years by the public generally, that would not apply to the forty-two hundredths (.42) of an acre, since of course the twenty-year period has not elapsed".

Appellant's exceptions are:

"1. The court erred in charging the jury as follows:

" 'If you find that the remaining land has not been damaged and that its value has increased by virtue of the road having been built thereon and that the land as it now stands is worth more or as much than the entire tract was prior to the taking, then in that event the plaintiff would not be enitled to any damages and you would find in favor of the defendant. If the value after the appropriation is less than it was before the appropriation, then the difference is the amount of the damages. On the other hand, if the value after the taking is the same or greater than before the appropriation, then the plaintiff cannot recover damages'.

"The specification of error being that the charge allowed any benefits to be offset against the damages including the value of the land taken, and this being an action for damages for a constitutional taking, the benefit rule does not apply.

"2. The court erred in charging the jury as follows:

" 'Now, gentlemen, if you find from the testimony that the plaintiff, that is, the landowner, has suffered any special damages as a result of the taking of his land, if you find that there was a taking for public purposes, such as a road, then you take that into consideration and seek such amount as special damages as you may determine from the testimony is just compensation. If you find from the evidence that the plaintiff received any special benefits as a result of the building of the roadway, then it is your duty to take that into consideration in writing your verdict, and charge the amount that you find, if you find any, that the plaintiff has been

benefited, as an offset against any damages you may find plaintiff has suffered, if you find that the plaintiff has suffered any damage'.

"The specification of error being that in an action for trespass for damage for taking private property for public purposes without paying just compensation the defendant is not entitled to offset any benefits against the damages.

"3. The court erred in charging the jury as set out in exceptions 1 and 2 above, the specification of error being that the respondent did not plead benefits as an offset in its answer."

Respondent suggests that appellant's exceptions should not be considered because he did not complain of the charge when, at its conclusion, the jury was excused. But the agreed statement in the transcript contains the following: "During the trial, the question arose as to whether the defendant was entitled to offer testimony to show that the street benefited the plaintiff. The plaintiff objected to such testimony, and after arguments the court stated that he would permit such testimony, and announced that he was going to charge the rule of damages laid down in *Wilson v. Greenville County,* 110 S. C. 321, 96 S. E. 301." The Act of February 20, 1953, Code Supplement 1955, § 10-1210, requires the trial judge to excuse the jury temporarily at the conclusion of his charge "in order to give counsel and litigants an opportunity to express objections to the charge or request the charge of additional propositions made necessary by the charge"; and we have repeatedly held that objection to an erroneous statement of the law or misstatement of the issues in the charge is waived unless thus timely made. *Munn v. Asseff,* 226 S. C. 54, 83 S. E. (2d) 642; *Belue v. City of Greenville,* 226 S. C. 192, 84 S. E. (2d) 631; *Hall v. Walters,* 226 S. C. 430, 85 S. E. (2d) 729; *State v. Shea,* 226 S. C. 501, 85 S. E. (2d) 858; *Richardson v. Register,* 227 S. C. 81, 87 S. E. (2d) 40. But where a contested issue of law has been argued during the course of the trial and ruled upon by the trial judge,

the statute does not require objection to be made, at the conclusion of his charge, to that portion of it dealing with the same issue in accordance with his previous ruling.

Until the adoption of the Constitution of 1868, an individual had no right, as against the State's power of eminent domain, to compensation for the taking of his land for a public highway. In *Lindsay v. East Bay Street Commissioners,* 2 Bay 38, decided in 1796, the court was equally divided on the question whether the right of eminent domain authorized the taking of lands from individuals for highways without compensation; and the plaintiff therefore failed in his application for a prohibition. In *State v. Dawson,* 3 Hill 100, decided in 1836, where the defendant had been indicted for obstructing the road commissioner, a statute authorizing the commissioner to cut timber on private property for the repair of highways, and making no provision for compensation of the owner, was held not violative of Section 2 of Article IX of the Constitution of 1790 which declared that "no freeman of this state shall be * * * deprived of his life, liberty or property, but by the judgment of his peers, or by the law of the land."

Article I of the Constitution of 1868 set forth, in forty-one sections, a declaration of rights, Section 23 reading as follows:

"Private property shall not be taken or applied for public use, or for the use of corporations, or for private use, without the consent of the owner or a just compensation being made therefor: Provided, however, That laws may be made securing to persons or corporations the right of way over the lands of either persons or corporations, and, for works of internal improvement, the right to establish depots, stations, turnouts, &c.; but a just compensation shall, in all cases, be first made to the owner".

And Article XII, § 3, of that Constitution provided:

"No right of way shall be appropriated to the use of any corporation until full compensation therefor shall be first

made, or secured by a deposit of money, to the owner, irrespective of any benefit from any improvement proposed by such corporation, which compensation shall be ascertained by a jury of twelve men, in a court of record, as shall be prescribed by law".

We note, in passing, that prior to the adoption of the Constitution of 1868, it was customary, in the incorporation of railroad companies, to make provision for assessment of compensation to landowners for property taken for the rights of way, and in such cases to provide that the commissioners or jury, in making the valuation, should take into consideration the benefits accruing to the landowner as well as the loss or damage from the taking of his land. *Cf. Greenville & C. R. Co. v. Partlow,* 5 Rich. 428, 39 S. C. L. 428; *Charleston & S. R. Co. v. Blake,* 12 Rich. 634, 46 S. C. L. 634.

In the Constitution of 1895, separate provision is made for compensation of owners of property taken in the exercise of the power of eminent domain by the agencies of government on the one hand, and by corporations on the other. In the Declaration of Rights, Section 17 of Article I provides that: "Private property shall not be taken for private use without the consent of the owner, nor for public use without just compensation being first made therefor". Section 20 of Article IX, relating to corporations, provides that: "No right of way shall be appropriated to the use of any corporation until full compensation therefor shall be first made to the owner or secured by a deposit of money, irrespective of any benefit from any improvement proposed by such corporation, which compensation shall be ascertained by a jury of twelve men, in a Court of record, as shall be prescribed by law". It will be noted that the language here is identical with that of Article XII, § 3, of the Constitution of 1868.

Article IX, § 20, is not applicable to municipal corporations or other governmental agencies, and is of interest here only because of its provision that the

"full compensation" which it requires is to be determined without regard to any benefit enuring to the condemnee by reason of the proposed work.

As remarked in *Wilson v. Greenville County,* 110 S. C. 321, 96 S. E. 301, the exclusion of benefits in Article IX, § 20, but not in Article I, § 17, implied that under the latter benefits to the landowner were to be considered in determining the amount of his "just compensation".

Article I, § 17, is applicable where private property is taken for public use by the State or by any of its agencies, *Jennings v. Sawyer,* 182 S. C. 427, 189 S. E. 746; or by a municipal corporation, *Reeves v. City of Easley,* 167 S. C. 231, 166 S. E. 120; *City of Spartanburg v. Belk's Department Store,* 199 S. C. 458, 20 S. E. (2d) 157. It is self-executing, and may, without enabling legislation, be invoked by an individual whose property has been taken for public use. *Chick Springs Water Co. v. State Highway Dept.,* 159 S. C. 481, 157 S. E. 842; *Sheriff v. City of Easley,* 178 S. C. 504, 183 S. E. 311; *Godwin v. Carrigan,* 227 S. C. 216, 87 S. E. (2d) 471.

The State may delegate to its agencies, and to municipal corporations, the right to exercise its power of eminent domain, and may by statute prescribe the manner in which, at the instance of such condemner. the "just compensation" of the condemnee is to be ascertained. *Paris Mountain Water Co. v. City of Greenville,* 110 S. C. 36, 96 S. E. 545.

Section 33-840 of the 1952 Code, relating to condemnation of property by counties for roads, provides: "In assessing compensation and damages for rights of way, only the actual value of the land to be taken therefor and any special damages resulting therefrom shall be considered and due allowance shall be made for any special benefit which may accrue to the owner, including the value of the old road, if the same revert to such owner."

Like provision for consideration of benefits accruing to the landowner in condemnation by the State Highway Department is to be found in Code sections 33-127, 33-135 and 33-136.

Section 47-1302, relating to condemnation by cities or towns for streets, provides that the jury shall "determine and fix upon the true and real value of such land and any damage to the residue of the land of such owner by reason of the opening, widening or extension of such highway, due regard being had, in assessing such damages, to any increased value of such residue by reason of the opening, widening or extension of such highway".

The procedure for condemnation by municipalities was revised by the Act of April 27, 1953, which appears in the 1955 Code Supplement as Sections 25-161 through 25-171. Section 25-165 provides that "the freeholders in making their award shall consider the value of the real estate or the damages which may accrue to the landowner or owners and take into consideration any benefits which may accrue to the landowner or owners because of the use of or improvements to be placed upon such real estate by the municipality".

These statutes implement Article I, § 17, by providing a method of ascertaining the amount of the "just compensation" to which the landowner is entitled by reason of the taking of his property by a governmental agency; and they expressly demonstrate the difference in the measure of compensation under Article I, § 17, from that under Article IX, § 20. They do not provide a method for determining the right to compensation when such right is denied by the municipality; and in such case the property owner's recourse is by an action to recover the just compensation required by Article 1, § 17. *Rice Hope Plantation v. South Carolina Public Service Authority,* 216 S. C. 500, 59 S. E. (2d) 132; *Godwin v. Carrigan, supra.*

It is manifest, therefore, that whether the landowner's compensation be ascertained in a condemnation proceeding instituted by the municipality, or in an action

brought against the municipality because of the taking, it is still referable to Article I, § 17, and the appropriate statute prescribing the measure of "just compensation" thereunder. *Cf. Wilkins v. Town Council of Gaffney City,* 54 S. C. 199, 32 S. E. 299; *Parish v. Town of Yorkville,* 96 S. C. 24, 79 S. E. 635; L. R. A. 1915A, 282. And, in ascertaining the amount of such compensation, benefits to the landowner must be taken into consideration perforce the clear implication of the constitutional provisions and the express language of the statutes to which we have referred. By the same token, since in an action against the municipality for the taking the landowner's recovery is thus prescribed and limited as a matter of law, such benefits are an ingredient of his measure of damages, and need not be specially pleaded, but may be shown under the general denial. *Cf. Rourke v. Holmes St. Ry. Co.,* Mo. App. 1915, 177 S. W. 1102.

There remains for consideration appellant's contention that, even though respondent be entitled to have benefits to the residue of his land considered by way of reduction or extinguishment of the damage to such residue, such benefits cannot be applied against the value of the land actually taken. He argues that this conclusion is required by the language of Section 47-1302 and is supported by *Bramlett v. City Council of Greenville,* 88 S. C. 110, 70 S. E. 450, and *Bailey v. Town of Clinton,* 88 S. C. 118, 70 S. E. 446.

In the *Bramlett case* the plaintiff claimed damage to his property as the result of the raising of a sidewalk, and, as the court pointed out, the rights of the parties were governed by Section 30 of the city's charter, XIX Stat. at L. 106, which provided a method for ascertaining the amount of compensation to be paid to a landowner in such case, but was silent on the question of whether benefits conferred by the public improvement should be taken into consideration. To quote from the opinion [88 S. C. 110, 70 S. E. 452]:

"In the absence of legislative regulation of the subject, the rule generally recognized as the just one where private

property is not taken, but is damaged in the laying of a sidewalk or other public improvement, is that the owner can only recover his real damages, ascertained by taking into consideration the benefits conferred as well as the injury inflicted. * * *

"The question on which justice to the landowner depends is whether he has been made to suffer loss by reason of the construction of the sidewalk or other improvement. If the benefits of any kind, either general or special, received from construction of the sidewalk, equal or exceed the damage, then he has suffered no loss and there is nothing to compensate him for. This rule, which we think has the advantage of being just as well as simple, has been adopted by many courts of high authority".

In the *Bailey case* the statute was not construed, because the municipality conceded that under it the landowner was entitled to have payment for the land actually condemned for the proposed new street, to be ascertained without off-set from any increased value imparted to the remainder by the proposed improvement.

While the language of Section 47-1302, hereinbefore quoted, is susceptible of the construction for which appellant here contends, it having been so conceded, as we have seen, in *Bailey v. Town of Clinton, supra,* it is not less susceptible of interpretation as meaning that the "damages" to be assessed by the condemnation jury shall consist of (1) the value of the land taken and (2) any damage to the residue of the land; and that "in assessing such damages" due regard must be had to any increased value of such residue by reason of the opening, widening or extension of the highway. The latter is, we believe, the sounder construction. It accords with the legislative intent apparent from consideration of Section 47-1302 in the light of Sections 33-127 and 33-840, for since all of these sections stem from, and are subservient to, the same constitutional provision, Article I, § 17, it is not likely that the General Assembly would intend to provide a measure of compensation for

the taking of private property for a highway by a city or town, Section 47-1302, different from that provided where such taking is by the State Highway Department, Section 33-127, or by a county, Section 37-840. Moreover, the "just compensation" to which the landowner is entitled under Article I, § 17, is compensation for the taking, and not for the land taken. In this view of the matter the land is considered as a whole, and the landowner's damage the diminution of its value by reason of the public work.

"The just compensation required by the constitution to be made to the owner is to be measured by the loss caused to him by the appropriation. He is entitled to receive the value of what he has been deprived of, and no more. To award him less would be unjust to him; to award him more would be unjust to the public.

"Consequently, when part only of a parcel of land is taken for a highway, the value of that part is not the sole measure of the compensation or damages to be paid to the owner; but the incidental injury or benefit to the part not taken is also to be considered. When the part not taken is left in such shape or condition as to be in itself of less value than before, the owner is entitled to additional damages on that account. When, on the other hand, the part which he retains is specially and directly increased in value by the public improvement, the damages to the whole parcel by the appropriation of part of it are lessened. If, for example, by the widening of a street, the part which lies next the street, being the most valuable part of the land, is taken for the public use, and what was before in the rear becomes the front part, and upon a wider street, and thereby of greater value than the whole was before, it is neither just in itself, nor required by the constitution, that the owner should be entitled both to receive the full value of the part taken, considered as front land, and to retain the increase in value of the back land, which has been made front land by the same taking." *Bauman v. Ross,* 167 U. S. 548, 17 S. Ct. 966, 976, 42 L. Ed. 270.

It has been pointed out by an eminent text-writer that in recent years the tendency in a number of jurisdictions has been away from the principle above referred to, and toward the adoption of the rule that the land actually taken must be paid for without consideration of benefits to the remaining land. The author, conceding that the rule last mentioned is unsound in principle, explains its development by "the fact that the propensity of many American communities to be oversanguine in regard to the beneficial results of projected public improvements has resulted in the taking of much valuable private property for which the owners never received any compensation other than anticipated benefits which never accrued". Nichols, Eminent Domain, 3rd Ed., Vol. 3, Section 8.6206. But such considerations do not, in our opinion, justify repudiation of a rule so inherently sound as that laid down in *Bauman v. Ross, supra,* and to which this court has given express approval in *Bramlett v. City Council of Greenville, supra,* and *Wilson v. Greenville County, supra,* and tacit recognition in *Spartanburg County Highway Commission v. Southern R. Co.,* 153 S. C. 457, 150 S. E. 894. It is true that in the *Wilson case* the issue arose under Section 1933 of the Civil Code of 1912 (Code 1952, § 33-840, quoted *ante*), relating to condemnation by counties for highways; but the measure of compensation there prescribed is substantially the same as that provided in case of condemnation by municipalities for streets, and whether we consider Section 47-1302 of the 1952 Code or Section 25-165 of the 1955 Code Supplement as prescribing the measure of compensation in the instant case, the fundamental principle that governed that case is no less applicable

Affirmed.

TAYLOR, J., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.

STUKES, C. J., and OXNER, J., dissent.

STUKES, Chief Justice (dissenting).

I regret that I disagree with the result of the leading opinion, and particularly with the construction of Section 47-1302, Code of 1952.

The statute provides for compensation for, quoting, "the true and real value of such land and any damage to the residue of the land of such owner by reason of the opening, widening or extension of such highway, due regard being had, in assessing such damages, to any increased value of such residue by reason of the opening, widening or extension of such highway."

It seems plain to me that the quoted language means that benefits may be offset only against the damages to the residue of the land and not against the value of the land taken for street purposes.

A statute may be more generous than the constitutional provision for compensation for property taken for public use. The following is from Lewis, Eminent Domain, 3rd Ed., Vol. 2, Sec. 696: "Since the Legislature may annex any condition to the exercise of the power of eminent domain which it pleases, it may prescribe a rule of damages more favorable to the property owner than the Constitution requires. This has been frequently done by excluding the consideration of benefits."

Whatever Section 17 of Art. I of the constitution means, it should yield in this instance to the statute, if the constitutional provision be construed to require the offset of benefits against the value of the land taken and not merely against the damages, if any, to the residue.

I do not think that there is any conflict between this view and the authority of *Wilson v. Greenville County*, 110 S. C. 321, at page 324, 96 S. E. 301, at page 302. The statute construed in that case was as follows:

" 'In assessing compensation and damages for rights of way only the actual value of the land to be taken therefor, and any special damages resulting therefrom shall be considered, and due allowance shall be made for any special

benefit which may accrue to the owner, including the value of the old road, if the same reverts to such owner.' " Civ. Code 1912, § 1933.

The allowance of special benefit there was against the value of the land taken *and* any resulting special damages; but Section 47-1302 does not so provide, as is seen above.

OXNER, J., concurs.