22275

N. Welch MORRISETTE, Jr., Respondent, v. Cecil H. BARNES, Appellant.

(328 S. E. (2d) 627)

Supreme Court

*Joel W. Collins, Jr., & Stanford E. Lacy,* both of *Collins and Lacy,* Columbia, *for appellant.*

*William C. Cleveland & Shawn D. Wallace, McKay and Guerard,* Columbia, *for respondent.*

Heard March 13, 1985.

Decided April 3, 1985.

*Per Curiam:*

Respondent Welch Morrisette, Jr. sued appellant Cecil Barnes to recover attorney fees owed under an alleged contract. Appellant denied the contract and asserted his transfer of a condominium to respondent was an accord and satisfaction extinguishing all obligations. The jury returned a verdict for respondent. We affirm.

Respondent, an attorney, was employed by appellant to handle a law suit in Georgia. The fee arrangement agreed upon was 35% of any recovery to be divided equally between respondent and an associated attorney in Georgia.

Before trial, respondent had a tragic accident rendering him incapable of practicing law. Feeling the original fee agreement was too generous under the circumstances, respondent claims he negotiated his fee with appellant by lowering his share to 5% of any recovery. Appellant denied the 5% fee arrangement.

Subsequently respondent wanted to buy a condominium but could not obtain financing because his accident left him without a source of income. He allegedly asked appellant to purchase the condominium for him using appellant's credit to obtain financing. Respondent lived in the condominium and paid appellant's mortgage payments.

Appellant argues he bought the condominium for himself, then rented it to respondent. When respondent persisted in seeking the 5% attorney fee, appellant states he gave the condominium to respondent in complete accord and satisfaction of all obligations between the parties, upon respondent assuming the mortgage.

Respondent agreed the transfer of the condominium was in accord and satisfaction, but alleged the 5% attorney fee was excluded from the satisfaction.

The jury returned a verdict for respondent in the amount of the 5% attorney fee.

Appellant contends the trial court erred in failing to charge partial accord and satisfaction. We disagree.

Appellant did not plead partial satisfaction, nor did he request a partial satisfaction charge. The court initiated a discussion about charging partial satisfaction with the attorneys but then decided against it since the evidence in the case did not support the charge.

Further, appellant agreed without objection to an "all or nothing" recovery form of verdict. He did not object to the charge given or request an additional charge as required by Circuit Court Rule 11.

We hold appellant's failure to state his position at the trial level renders him incapable of complaining to this Court. *Thomas-McCain, Inc. v. Siter*, 268 S. C. 193, 232

S. E. (2d) 728 (1977); *Munn v. Asseff*, 226 S. C. 54, 83 S. E. (2d) 642 (1954).

We take this opportunity to remind the South Carolina Bar that sanctions are available against an attorney who requires the Court to review a meritless appeal. *State v. Harris*, 278 S. C. 46, 292 S. E. (2d) 40 (1982).

Appellant's remaining exception is in violation of Supreme Court Rule 4, § 6 and will not be considered.

Affirmed.